## JULIA B. BEEBE v. THE GEORGE H. BEEBE COMPANY.

Argued June 6, 1899—Decided April 5, 1900.

. 1. Acknowledgment of service of summons by the attorney of a corporate defendant submits the person of the corporation to the jurisdiction of the court.

2. The president of a corporation, *virtute officii*, has authority to employ an attorney to defend a suit brought against his company.

3. Failure to return a summons into court upon the day on which it is made returnable is an irregularity which can only be taken advantage of by the plaintiff in the suit.

4. The time allowed by section 105 of the Practice act for the filing of a plea is given solely for the benefit of the defendant, and he may waive that benefit and consent to the entry of judgment before the expiration of the statutory period given to him within which to plead.

5. A judgment at law which is fraudulent as against certain of the creditors of an insolvent corporation, but valid as against others, will not be set aside by the court in which it was entered at the instance of the receiver of such corporation by reason of the fraud. The rights of those creditors, as against whom the judgment is fraudulent, can be protected in the distribution of the company's assets by the court having control of that matter.

On rule to show cause.

Before Justices DEPUE, GUMMERE and LUDLOW.

For the rule, *Edward A. S. Man.*

*Contra, Philemon Woodruff.*

The opinion of the court was delivered by

GUMMERE, J. This is an application made by the receiver of the defendant corporation (which is insolvent) to set aside a judgment entered against it by default under conditions which, as the receiver argues, renders it void. It is not disputed that the debt which underlies the judgment was a just and legal one, due and owing from the defendant to the plaintiff at the time of the institution of the suit. Its alleged invalidity rests entirely upon errors of procedure.

The first of these errors is said to have arisen in the method by. which it was attempted to bring the defendant into court. There was no actual service of process upon the corporation, but, instead, service was acknowledged on its behalf by Mr. Stevens, an attorney of this court, who was retained by the company's president to represent it in this suit. It is contended that this action of Mr. Stevens did not confer upon this court jurisdiction over the person of the defendant, because under our statute (Corporation act, section 87) a corporation can only be brought into court by actual service of process upon it; and further, because authority to defend a suit brought against a corporation can only be conferred on an attorney by the action of its board of directors.

An examination of the statutory provision referred to discloses that it will not support this contention of the receiver. It merely directs how service of process shall be made upon a corporation. It does not, either expressly or by implication, prohibit a corporation from submitting itself to the jurisdiction of the court in which it is sued by voluntarily appearing to the suit or by acknowledging the service of process. The common law practice in that respect remains unaltered by the statute.

The suggestion that it requires a resolution of the board of directors to authorize an attorney to represent a corporation in our courts is equally unsubstantial. The president, as the chief executive officer of a corporation, has authority, *virtute officii*, to take all steps necessary for the defence of his company in litigations in which it may be involved, including the employment of an attorney for the purpose. Not even a suggestion to the contrary can be found in the books. 17 *Am. & Eng. Encycl. L.* 131, and cases cited.

It is next objected to the validity of the judgment that the year was omitted in setting forth the return day in the body of the summons. The writ was issued on the 30th of September, 1897. The return day was stated therein to be the "seventh day of October." The failure to insert the year in stating the return day is a mere technical irregularity, which

this court would have at once corrected by the proper amend-ment if objection on that ground had been made upon the return of the writ. It is too late to take advantage of such an irregularity after the actual entry of judgment.

The principal ground upon which the receiver rests his application to vacate this judgment is that the summons in the case instead of being returned into court and filed in the clerk's office on its return day, was kept off the files for three months thereafter; that a like period of time after the return day was permitted to elapse before the plaintiff filed her declaration, although a copy of that pleading was served upon the defendant's attorney at the time of his acknowledgment of service of process, and that the judgment in the case was entered upon the same day upon which the declaration was filed.

The retention of the summons and declaration from the files, for the period mentioned, was at the request of the de-fendant for the purpose of preventing its credit from being affected by the fact becoming public that the suit was pending, there being some slight hope that it would be able to effect a settlement of the plaintiff's claim and avoid the entry of judg-ment against it. The entry of the judgment without affording the defendant an opportunity to plead, was done with its knowledge and consent. It is contended, however, on the part of the receiver, that the orderly proceedings in a suit at law are regulated by statutory provisions hereinafter referred to, and that a judgment cannot be legally entered in a suit in which those regulations have been disregarded, even though their non-observance is consented to by the defendant.

The statutory regulations referred to are found in sections 47, 103 and 105 of our Practice act. The first of these sections regulates the method of returning process into court. It provides that "it shall be the duty of the sheriff or officer to whom any summons or other process is directed, to return the same at the time and place mentioned therein, which shall be filed with the clerk;" and punishes the failure to so return the writ by amercement for the benefit of the plaintiff. The

mere reading of this provision makes it plain that it has no application to cases where the writ has not been delivered for service to the sheriff or other officer to whom it is directed. It bears upon the question before us to this extent, however, namely, that it clearly shows, by the nature of the penalty imposed for a failure to comply with its directions, that it was enacted solely for the protection of the plaintiff, to prevent his being delayed or interfered with in the prosecution of his suit and that he alone is entitled to complain if the writ is not returned into court and filed on its return day.

Section 103 requires the plaintiff to file his declaration within thirty days from the return day of the summons, but this time may be extended either by the court, on good cause shown, or by the consent of the defendant. The failure of the plaintiff in the present case to file her declaration until the expiration of two months after the time limited by the statute was due to the request of the defendant, and there was, consequently, no irregularity in its filing.

Section 105 of the Practice act allows the defendant thirty days after the filing of the declaration within which to plead thereto. But this provision was enacted in the interest of the defendant, and he may waive it and put himself in default at any time; and when so in default, either by his own acknowledgment of the justness of the plaintiff's claim and waiver of time to plead, or by the lapse of the statutory period without a plea, a judgment by default for want of a plea may be entered against him. *Hoguet* v. *Wallace,* 4 *Dutcher* 523.

Proper practice requires that the admission by the defendant of the justice of the plaintiff's claim and his waiver of time to plead to the latter's declaration should be in writing and filed in the clerk's office. This practice was not observed by the parties in the case before us, and the entry of the judgment was therefore not strictly regular. But, as the course of procedure followed by the plaintiff was not only with the consent but at the request of the defendant, and as the time which elapsed between the institution of the suit and the entry of judgment was much longer than the plaintiff would have

required to obtain her judgment if she had proceeded in the manner designated by the statute, the defendant would not have been permitted to set aside the judgment for that irregularity, and the receiver, as the representative of creditors, does not occupy a position in any way superior to that of the defendant in attacking this judgment on the ground of this irregularity. The plaintiff's claim was a just and legal one. If, instead of complying with the request of the defendant, she had proceeded in the orderly way pointed out by the statute, she would have recovered a judgment which would have given her priority over the other and less active creditors of the defendant. An attempt on the part of those creditors now to deprive her of the advantage which she has acquired, upon a ground which is purely technical and without merits, ought not to be permitted to prevail. And even if we had felt constrained to open this judgment at the instance of creditors for the irregularity referred to, it would have been upon terms that it be allowed to stand as security for the plaintiff's debt; and, on the admitted facts, this court would again enter judgment in her favor at the termination of the litigation.

One other matter requires consideration. It appears from the facts before us that, while this suit was pending, and before judgment was entered, the defendant company purchased large quantities of goods on credit, which it has never paid for; and the receiver, as the representative of the unpaid vendors, claims that this judgment, having been entered at the conclusion of a suit secretly conducted for the purpose of not injuriously affecting the credit of the company, is fraudulent as against them, and, therefore, should be set aside. Admitting, for the purpose of argument, that the judgment is fraudulent as against these particular creditors (which we do not decide), it clearly is not so as against those creditors whose claims antedated the institution of the suit. It may be that the conduct of these parties in carrying on this litigation secretly, for the purpose of bolstering up the credit of the company, will afford a reason for refusing the plaintiff a prefer-

ence in the distribution of assets as against these subsequent creditors.   It certainly furnishes no ground to this court for declaring the judgment void.

The rule to show cause will be discharged, with costs to the plaintiff.