Andrew Krantz, d/b/a Krantz Manufacturing Company, and d/b/a Sheridan Apartments, Appellant, v. Oak Park Trust & Savings Bank, Appellee.

Gen. No. 47,220.

First District, Third Division.

February 19, 1958.

Released for publication March 7, 1958.

332

Karl A. Koch, of Woodstock, for appellant.

Hoffman & Davis, of Chicago, for appellee.

JUSTICE FRIEND delivered the opinion of the court.

Plaintiff appeals from an order and judgment of the Circuit Court allowing defendant's motion to strike plaintiff's complaint and dismissing his suit.

It appears from the pleadings that on various dates in 1945 plaintiff issued five checks to the order of 661 Sheridan Apartments, Inc., in amounts aggregating $5,796.31; plaintiff certified four of these checks, but one, in the amount of $1,400.00, was not certified. The checks drawn upon the defendant bank were endorsed by the president of the payee corporation, cashed by him for his own purposes, paid by the bank in 1945, and charged against plaintiff's checking account maintained with the defendant bank. Five years later, in 1950, plaintiff, allegedly on discovering the facts, notified the bank.

The gravamen of the complaint is that the president of the corporation, who cashed the checks, had no express authority to negotiate commercial paper payable to the order of the corporation. It is not specifically alleged that the bank had notice or knowledge of such lack of authority.

 Under the settled rule in this state, the president of a corporation, by virtue of his office, is the business head thereof, and any contract pertaining to the corporate affairs, within the general powers of the corporation, will, when executed by the president and in the absence of proof to the contrary, be presumed to have been executed by the authority of the corporation, as one of the powers incident to the office of president. Green v. Ashland State Bank, 346 Ill. 174. It was held in that case that the presumed authority of the president of a corporation to contract on its behalf and so bind the corporation in respect of matters pertaining to corporate affairs is unaffected, insofar as the public is concerned, by any instructions given to the president, or by limitations upon authority imposed through corporate by-laws. These are matters solely between the corporation and its officers; the by-laws and the special instructions, alike, are binding upon none but the officers and the members of the corporation. The rationale of the rule is that the corporation entrusts the chief executive office of president to a person known to and selected by its board of directors, and so entrusts general control of its affairs to its president. Accordingly, the general public dealing with the person in whom the corporate body avowedly reposes such confidence ought not to be required to search for the precise authority of the president to fulfill each ordinary and usual function of his office; if the president is unworthy of trust in the execution of the ordinary business affairs of the corporation, then it seems more equitable that the corporation, rather than persons dealing with it, should suffer. In the case here under consideration, the president of the payee corporation, in the exercise of his presumed authority, on five occasions endorsed checks payable to the order of a building corporation, all being drawn on defendant bank.

334

■ In order to conduct its business, the authority to endorse checks must be placed in some officer of a corporation, and in the absence of express authority to endorse checks, implied authority is given to the president, who is vested with general direction of the affairs of the corporation. Corn Belt Bank of Bloomington v. Forman, 264 Ill. App. 589. In the latter case it was held that the authority so implied is an actual authority, in keeping with commercial usage, arising from the business nature of the corporation, and that commercial transactions must be construed in accordance with commercial usage.

■■ The allegation that the president of the corporate payee lacked express authority to endorse checks payable to the order of the corporation did not state that the defendant bank had notice or knowledge of such lack of authority. The mere allegation of the lack of express authority does not negate the presumed authority of the president; for even were the president of the corporation denied authority, by the by-laws, to endorse checks, yet, unless knowledge or notice of such lack of authority were communicated to the bank, it would be entitled to rely upon the presumed authority of the chief executive officer to endorse checks.

We think the court properly allowed defendant's motion to strike the complaint and dismiss the suit. The judgment order of February 27, 1957, in favor of defendant and against plaintiff for costs, entered nunc pro tunc as of January 30, 1957, is therefore affirmed.

Judgment affirmed.

BURKE, P. J. and BRYANT, J., concur.