Norton Kaplan, Individually and as Assignee of Nathan Yorke, Trustee in Bankruptcy of the Estate of Merit Finance Company, a Corporation, Bankrupt, Plaintiff-Appellant, v. First Trust and Savings Bank of Riverdale, an Illinois Banking Corporation, Norton Geller, d/b/u the Firm Name and Style of Wentworth-26th Street Currency Exchange, and Central National Bank in Chicago, a National Banking Association, Defendants-Appellees.

Gen. No. 49,194.

First District, First Division.

April 27, 1964.

Rehearing denied May 25, 1964.

Maxfield Weisbrod, of Chicago, for appellant.

Marvin J. Glink, Ronald M. Glink, Glink & Glink, of Chicago, for Morton Geller d/b/u the firm name and style of Wentworth-26th Street Currency Exchange, and Central National Bank in Chicago, appellees. Herbert F. Zornow, of Chicago, for First Trust and Savings Bank of Riverdale, appellee.

MR. JUSTICE BURMAN delivered the opinion of the court.

Plaintiff appeals from an order of the Superior Court sustaining defendants' motions to strike plaintiff's amended complaint, entering judgment in favor of defendants, and dismissing plaintiff's action at his cost. Plaintiff elected to stand on his amended complaint.

In the amended complaint, Norton Kaplan, individually and as assignee of Nathan Yorke, Trustee in bankruptcy of the Estate of Merit Finance, a corporation, Bankrupt, alleges that on Friday, January 20, 1961, he issued his check payable to Merit Finance Company, a corporation, in the amount of $10,000. Immediately following the issuance of the check the payee presented the check to drawee First Trust and Savings Bank of Riverdale and the check was then certified. The check was endorsed by Merit Finance Company, a corporation, by Allen Paris, its president, and cashed by defendant, Norton Geller, doing business under the name of Wentworth-26th Street Currency Exchange, who then endorsed said check and deposited it with defendant Central National Bank. Central Bank endorsed the check, guaranteeing all prior endorsements and the check so endorsed was presented to Riverdale Bank for payment and was paid out of plaintiff's account. Thereafter, on February 17, 1961, Merit Finance Company was adjudicated bankrupt in the United States District Court. On September 10, 1962, Nathan Yorke, trustee in bank-

ruptcy in pursuance of an order of court, assigned to plaintiff the interest of the bankrupt estate in the aforementioned check. The instant lawsuit was commenced on September 18, 1962.

This action was brought by plaintiff to recover from defendants the amount of his check cashed by the President of Merit Finance Company. It is based ôn the theory that after the check was deposited with the Chicago Clearing House, the Riverdale Bank improperly paid out moneys on the check which was cashed by Allen Paris, President of Merit Finance Company, a corporation, for the reason that the check on its face was made payable solely to a corporation; that the currency exchange was liable for improperly cashing the check which should have been deposited to the account of the corporation and that the Central Bank became liable upon its guaranty of all prior endorsements appearing on the check. Also that as an assignee of the chose in action he acquired all the right and interest of the bankrupt estate to its claim and that by improperly cashing the check the assets of the estate were diminished and reduced in the amount of $10,000.

The sole question before us is whether the amended complaint states a cause of action. The gist of the complaint is that Allen Paris had no authority to cash the corporation check which was not made payable to him and if such authority existed it was a fact to be proved upon a trial on the merits. Also that it was the duty and obligation of the defendants to have ascertained whether Paris had authority to cash the check instead of depositing it to the Corporation account. The amended complaint does not allege that the Currency Exchange or the Central Bank or the Riverdale Bank had actual notice of such lack of authority.

The plaintiff argues that it was evident to the Currency Exchange and the other defendants that

the check was certified at the drawee bank on the day of its making and could well have been cashed at that time. The fact that it wasn't so cashed, the plaintiff insists, should have put defendants on notice that the drawee bank would not release funds to a corporate president endorsing a check in his name as president. It is for this reason, he contends, that Paris chose to cash the check at a currency exchange even though he would incur a large service charge. We feel that although the story which the plaintiff has constructed has a ring of plausibility it is based merely upon his conjecture and suspicions. It is an established rule in this state that knowledge of circumstances calculated to excite suspicion of an endorsee in acquiring negotiable paper, will not defeat his title in the absence of allegations of fraud or actual notice. 28 ILP Negotiable Instruments sec 169.

It is also argued that there is nothing in the record to show that Allen Paris was President of Merit Finance Co. The endorsement on the check as it appears from the amended complaint reads: "Merit Finance Co., by Allen Paris, Pres." There is no allegation in the complaint that Paris was not the president and we think the trial court was justified in so considering it. It is fair to assume that both parties in their argument before the trial judge acknowledged Paris to be the president.

The question here at bar was presented under somewhat similar circumstances in Krantz v. Oak Park Trust & Sav. Bank, 16 Ill App2d 331, 147 NE2d 881. What was said there in affirming the dismissal of the complaint is equally applicable here, at 335, it was stated:

In order to conduct its business, the authority to endorse checks must be placed in some officer of a corporation, and in the absence of express authority to endorse checks, implied authority is

377

given to the president, who is vested with general direction of the affairs of the corporation. Corn Belt Bank of Bloomington v. Forman, 264 Ill App 589. In the latter case it was held that the authority so implied is an actual authority, in keeping with commercial usage, arising from the business nature of the corporation, and that commercial transactions must be construed in accordance with commercial usage.

The court went on to say that the mere allegation of the lack of express authority does not negate the presumed authority of the president and unless it is alleged that the defendant had notice of such lack of authority it would be entitled to rely on the presumed authority of the chief executive officer to endorse checks.

The rule thus enunciated by the court appears to have been based on a long line of decisions which recognized the almost essential presumptive vesting of substantial powers in a corporate president. Under the settled rule in this state:

> The president of a corporation, by virtue of his office, is the business head of the corporation, and as a general rule any contract pertaining to corporate affairs within its general powers will, when executed by the president and in the absence of proof to the contrary, be presumed to have been executed by authority of the corporation as one of the powers incident to his office. Green v. Ashland Sixty-Third State Bank, 346 Ill 174, 180, 178 NE 468.

The plaintiff agrees that the decision in the Krantz case stands directly in the way of our deciding in his favor. He however asks this court to overrule that decision on the grounds that additional cases have been cited which were not brought to the attention of

378

the court in Krantz. First, it is to be noted that although the judges of this court rely heavily upon the authorities cited to them by the parties, their practice is to do research beyond the scope of the briefs where the case requires it. Second, plaintiff's new authorities are not in point and even had they been cited to the court in Krantz no difference in decision would have resulted. Jackson Paper Mfg. Co. v. Commercial Nat. Bank, 199 Ill 151, 65 NE 136, principally relied upon by plaintiff, concerned a "superintendent" of defendant's mill and not its president. In Merchants' Nat. Bank of Peoria v. Nichols & Shepard Co., 223 Ill 41, 79 NE 38, the endorser whose authority was in dispute was the defendant's "manager." (To the same effect see Merchants' & Manufacturers' Ass'n v. First Nat. Bank of Mesa, 40 Ariz 531, 14 P2d 717). And in Independent Oil Men's Ass'n v. Fort Dearborn Nat. Bank, 311 Ill 278, 142 NE 458, the opinion clearly shows that check in question was endorsed "Independent Oil Men's Association—J. A. Specht, Sec'y." Plaintiff also cites numerous cases in which the issue was forgery, not lack of authority. These cases likewise are not in point.

█ We agree with the plaintiff and the cited cases that the amended complaint should be liberally construed, and that in a motion to strike, the well pleaded facts are to be taken as true. The most liberal construction will not, however, be sufficient to bolster a non-actionable cause. We have examined the amended complaint in the light of these principles and find that it did not state a cause of action. We conclude that the court properly struck the complaint and dismissed the suit.

Judgment affirmed.

MURPHY, P. J. and KLUCZYNSKI, J., concur.