724 P.2d 47

**ALANO CLUB 12, INC., and Alano Boosters Club, Petitioners-Appellees,**

v.

**J.E. HIBBS, Director of the Department of Revenue; Gale L. Garriott, Hearing Officer; and ARIZONA DEPARTMENT OF REVENUE, BINGO SECTION, Real Parties in Interest, Respondents-Appellants.**

**No. 1 CA–CIV 8360.**

Court of Appeals of Arizona, Division 1, Department C.

Aug. 5, 1986.

Lee, Theisen & Eagle by Charles T. Stegall, Phoenix, for petitioners-appellees.

Robert K. Corbin, Atty. Gen. by Janis M. Haug and Ian A. MacPherson, Phoenix, for respondents-appellants.

OPINION

EUBANK, Presiding Judge.

Appeal is taken in this case from an award of attorney's fees made to the appellees pursuant to A.R.S. § 12–348 after the superior court determined that the Arizona Department of Revenue had abused its discretion in summarily suspending appellees' bingo licenses. Appellees Alano Club 12, Inc., and Alano Boosters Club had been granted bingo licenses pursuant to A.R.S. § 5–401 *et seq.* On July 14, 1984, appellees received a summary suspension and notice of proposed revocation of their bingo licenses for failure to meet the statutory net proceeds percentage requirement set forth in A.R.S. § 5–407(B).

On July 24, 1984, a hearing was held before the Department of Revenue on the propriety of the summary suspension. On July 26, 1984, the hearing officer issued a proposed decision finding that the summary suspension was justified pursuant to A.R.S. § 41–1012(C) and A.R.S. § 5–407(B) which allow summary suspension of a license if the public health, safety or welfare requires emergency action.

On July 30, 1984, the law firm of Lee, Theisen & Eagle filed a notice of appear-

ance in the administrative proceedings on behalf of appellees and sought a rehearing which was denied. Appellees' attorney then filed a petition for special action in the trial court to obtain reinstatement of the licenses which was heard by the Honorable Bernard Dougherty on August 9, 1984. Appellants sought to dismiss the special action as being premature because the matter was still pending before the Director of the Department of Revenue. Judge Dougherty granted the motion and dismissed the petition for special action.

On August 13, 1984, the Director of the Department of Revenue approved and adopted the hearing officer's proposed decision. That same date, appellees' attorney filed another special action in superior court to oppose the summary suspension of the bingo licenses which was heard before the Honorable Marilyn A. Riddel on August 15 and 16, 1984. Indicating that the sole issue before the court was whether the public health, safety or welfare imperatively required emergency action permitting the Department to suspend appellees' license without prior warning, notice, or right to be heard, the trial court vacated the order of suspension, finding it to be arbitrary and without basis in the law. The court expressly noted that the decision had no bearing on the merits of whether or not appellees' licenses should be ultimately revoked in a proper proceeding.

The appellants filed a notice of appeal from the trial court's order on August 21, 1984 and a petition for special action to the Arizona Supreme Court to contest the trial court's ruling. On August 29, 1984, the appellees' counsel filed a motion to amend judgment to include an award of attorney's fees. On September 13, 1984, after a new Board of Trustees for appellee Alano Club 12, Inc., had been chosen, appellees voluntarily surrendered their bingo licenses to the Department of Revenue. The appellants then had their petition for special action dismissed and filed a motion to dis-

miss their appeal. The trial court granted the motion for voluntary dismissal of the appeal indicating that the order was without prejudice to the request for attorney's fees. On February 26, 1985, the trial court considered the request for attorney's fees along with appellants' objections thereto and granted attorney's fees of $10,951.79. Appellants appeal from the attorney's fees award.

The appellees sought attorney's fees in the trial court pursuant to A.R.S. § 12-348(A)(3) which provides as follows:

A. In addition to any costs which are awarded as prescribed by statute, a court shall award fees and other expenses to any party other than this state or a city, town or county which prevails by an adjudication on the merits in any of the following:

\* \* \* \* \* \*

3. A court proceeding to review a state agency decision, pursuant to chapter 7, article 6 of this title, or any other statute authorizing judicial review of agency decisions. [Footnote omitted.]

The appellees requested attorney's fees of $10,951.79 representing the time the law firm of Lee, Theisen & Eagle had spent on the case between July 26, 1984 and September 14, 1984 at $75 per hour, the maximum amount generally allowed by the statute.[1] The legislature's purpose for enacting a statute providing for fees against the state, cities, towns and counties is set forth in the historical note to the statute:

A. The legislature finds that certain individuals, partnerships, corporations and labor or other organizations may be deterred from seeking review of or defending against unreasonable governmental action because of the expense involved in securing the vindication of their rights. The economic deterrents to contesting governmental action are magnified in these cases by the disparity between the resources and expertise of these individuals and their government.

---

1. The appellees originally requested fees of $11,051.25, but at the hearing on attorney's fees they agreed that minor errors had been made which reduced the amount of their fee request to $10,951.79.

B. The purpose of this section is to reduce the deterrents and the disparity by entitling prevailing parties to recover an award of reasonable attorney fees, expert witness fees and other costs against the state.

A.R.S. § 12–348 by no means authorizes a blanket award of attorney's fees against the state, cities, towns and counties in all proceedings. Attorney's fees are awarded under the statute only for certain types of proceedings enumerated in subsection (A) and only where the other party prevails by an adjudication on the merits. Subsections (B), (D), and (G) of the statute then set forth various limitations, restrictions and qualifications on the award of attorney's fees. Subsection (D)(2) provides in relevant part:

D. The court shall base any award of fees as provided in this section on prevailing market rates for the kind and quality of the services furnished, except that:

\*　　\*　　\*　　\*　　\*　　\*

2. The award of attorney fees may not exceed the amount which the prevailing party has paid or has agreed to pay the attorney or a maximum amount of seventy-five dollars per hour.

.　　.　　.　　.　　.

Appellants challenged the request for attorney's fees on two grounds. First they argued that the appellees had not prevailed on all the matters for which they claimed fees and therefore that the request for attorney's fees was excessive. Secondly, they sought to challenge the attorney-client relationship between appellees and Lee, Theisen & Eagle both to show that there was no agreement to pay attorney's fees and no payment of attorney's fees as required by subsection (D) and to show that the request for attorney's fees was being made by the attorneys rather than the parties themselves which they argue is not allowed by the statute.

## I. WERE ATTORNEY'S FEES PROPERLY AWARDED?

We first consider the issue of whether appellees were entitled to some or all of the attorney's fees they requested even though they were not the prevailing party as required by A.R.S. § 12–348(A). On appeal appellants contend that appellees could not be considered the prevailing party in any of the proceedings in superior court because, even though appellees obtained a favorable order from the trial court on the issue of summary suspension of their licenses, they then voluntarily surrendered the licenses which mooted the appeal from the order which had the effect of granting relief to the appellants. We cannot consider this issue, however, because it was not raised in the trial court. An appellate court will not decide issues which are raised for the first time on appeal. *Stratton v. Inspiration Consolidated Copper Co.*, 140 Ariz. 528, 530, 683 P.2d 327, 329 (App.1984); *Cote v. A.J. Bayless Markets, Inc.*, 128 Ariz. 438, 444, 626 P.2d 602, 608 (App.1981). We find nothing in the record indicating that appellants ever argued in the trial court that appellees should not be considered the successful party in the proceedings before Judge Riddel so as to preclude them from any award of attorney's fees.

■ However, appellants did argue in the trial court and as an alternative argument on appeal that the appellees should not have been awarded attorney's fees for the special action they brought before Judge Dougherty in which they were not successful. Judge Dougherty dismissed the special action, presumably because administrative remedies had not been exhausted. Appellants argue that appellees are not entitled to attorney's fees for their unsuccessful special action before Judge Dougherty pursuant to the authority of *Tanner Companies v. Arizona State Land Department*, 142 Ariz. 183, 688 P.2d 1075 (1984).

In *Tanner*, in which a party had been granted attorney's fees pursuant to A.R.S. § 12–348(A)(5), the fee award contained fees for time spent in taking a special action which was dismissed without any determination on the merits. Division Two

of this court ruled that the fees had to be modified because the "[t]he amounts spent or incurred for attorney's fees in the special action cannot be recovered since A.R.S. § 12–348(A)(5) allows an award of attorney's fees in such circumstances only if appellees prevail by an adjudication on the merits." 142 Ariz. at 196, 688 P.2d at 1088.

Appellees' only response to this issue is that they are entitled to all of the fees requested pursuant to *Schweiger v. China Doll Restaurant, Inc.*, 138 Ariz. 183, 673 P.2d 927 (App.1983) in which this court recognized the difficulty in distinguishing time spent on various legal theories underlying a claim for relief and held that "where a party has accomplished the results sought in the litigation, fees should be awarded for time spent even on unsuccesful legal theories." 138 Ariz. at 189, 673 P.2d at 933.

The language from *China Doll* is inapplicable to the issue presented in this case. Appellants have not challenged the hours appellees spent on legal theories differing from the one they prevailed on before Judge Riddel. They challenge the time spent on an entirely separate proceeding considered by Judge Dougherty upon which appellees had no success apparently because they brought the matter prematurely. We agree that appellees were not the prevailing party in that proceeding and cannot receive attorney's fees for the time attributable thereto.

## II. DID THE STATE HAVE STANDING TO CHALLENGE THE AWARD?

The second issue raised by appellants is whether the trial court erred in denying them standing to challenge the attorney-client relationship between appellees and Lee, Theisen & Eagle to show that some or all of the fees requested should not have been granted. Appellees base their claim to attorney's fees for the work performed by Lee, Theisen & Eagle on a letter written to the firm, stating that Alano Club 12, Inc., sought to retain the services of Lee, Theisen & Eagle in regard to the suspensions of the bingo licenses of Alano Club

12, Inc., and Alano Boosters Club. The letter was signed by Kenneth G. Wilson as chairman of the board of directors of Alano Club 12, Inc. Appellants, at the time of the hearing on attorney's fees, sought to show that there was no agreement to pay the attorney's fees being requested as required by A.R.S. § 12–348(D)(2) before an award of attorney's fees can be made. They sought to show that Kenneth G. Wilson had had no authority to hire the firm of Lee, Theisen & Eagle, that Lee, Theisen & Eagle had continued its representation after becoming aware that they had not been properly retained, and that the club members were disputing among themselves whether they should participate in bingo activities. Appellants had filed in open court copies of the bylaws of Alano Club 12, Inc., and resolutions passed by the club, which stated that contracts must be signed both by the chairman and the treasurer of the organization. They had filed the affidavit of Andrew P. Smith, one of the club's board members in which he testified that when he had learned of the "retainer" letter, he spoke with Attorney Charles T. Stegall of Lee, Theisen & Eagle and informed him that Wilson had lacked authority to retain the firm. Appellants also had filed a letter that had been sent to Attorney Stegall by members of Alano Club 12, Inc., which mentions that Lee, Theisen & Eagle had been hired without due course and that more than a majority of their members wanted to do away with bingo.

■ The trial court refused to consider the evidence that had been presented by appellants to challenge the attorney-client relationship between appellees and Lee, Theisen & Eagle. The court declared that the appellants had no standing to challenge the documents presented by appellees as proof that Lee, Theisen & Eagle had been retained by them. The court stated:

Well, it will be the ruling of this Court that of course the Plaintiff has to show some documentary evidence but in this lawsuit we will not go behind the documentary evidence that the plaintiff provides. And we will not turn this lawsuit

into a new lawsuit challenging by dissidents or otherwise the validity of those documents. The State does not have Standing to do that in this lawsuit. Only the Board of Trustees has standing. So far as I know, and I had a search of the records made yesterday, that standing has not been challenged and the State may not do for the dissidents in this lawsuit what they must do for themselves. We will not go behind the documentary evidence.

The appellants had also brought witnesses to the hearing, including Alano Club board member Smith, to provide further evidence that Lee, Theisen & Eagle had not been properly retained and that they had had knowledge of this fact. The court indicated it would not entertain testimony on this issue and that no offer of proof was necessary since the ruling that the appellants lacked standing to challenge the attorney-client relationship had been made as a matter of law. Thus, the court rejected the offer of proof.

We agree with the appellants that the trial court erred in ruling that the appellants had no standing to challenge the attorney-client relationship between appellees and Lee, Theisen & Eagle. A.R.S. § 12–348(D)(2) provides that an award of attorney's fees will be made against the state only for fees the other party has paid to the attorney or has agreed to pay. *Cf. Inspiration Consolidated Copper Co. v. Arizona Dept. of Revenue*, 147 Ariz. 216, 709 P.2d 573 (App.1985). The statutory provision necessarily gives the state the right to show that no agreement to pay the attorneys exists for whatever reason. Such a reason would be that the attorneys were not authorized and knew they were not authorized to represent the client in court. The state in this case was prepared to present testimony of Alano Club members themselves to challenge the relationship and agreement to pay attorney's fees, and the court should have considered the evidence and accepted the offer of proof. Rule 103, Arizona Rules of Evidence.

The appellees argue that their attorneys had the right to assume that the chairman of their club had authority to retain counsel for the club and that his letter therefore bound the club for the services rendered by Lee, Theisen & Eagle. They point out that the club's bylaws state that the chairman's authority was to be co-extensive with that of a president of a corporation. Appellees cite cases indicating that members of the public who are not advised differently may assume the president has authority to conduct the affairs of the corporation. *Krantz v. Oak Park Trust & Savings Bank*, 16 Ill.App.2d 331, 147 N.E.2d 881 (App.1958). They cite cases holding that the president has authority to protect the interests of the corporation including the power to hire counsel to do so. *See, e.g., Western Hills, Inc. v. Lizau Realty Corporation*, 6 N.Y.2d 344, 189 N.Y. S.2d 863, 160 N.E.2d 622 (Ct.App.1959); *Elblum Holding Corporation v. Mintz*, 120 N.J.L. 604, 1 A.2d 204 (1938); *Hayden v. First Community State Bank*, 575 S.W.2d 880 (Mo.Ct.App.1978). However, while these cases would indicate that Lee, Theisen & Eagle probably had the right when they received the letter from Chairman Wilson to assume he had authority to retain them, they do not establish that Lee, Theisen & Eagle would have had the right to continue their representation if they subsequently learned he had not had such authority. The apparent authority that might otherwise exist vanishes if the third party gains knowledge of the agent's lack of authority. *Merchants & Manufacturers Assoc. v. The First National Bank*, 40 Ariz. 531, 540–541, 14 P.2d 717 (1932); *Ellis v. Nelson*, 60 Nev. 410, 233 P.2d 1072, 1077 (1951); *Home Owners' Loan Corp. v. Thornburgh*, 187 Okl. 699, 701, 106 P.2d 511 (1940); 2A C.J.S. *Agency* § 166 at 810–811 (1972). Appellants had the right to produce evidence on this issue in trying to prove the appellees had no agreement with Lee, Theisen & Eagle to pay attorney's fees. We note that appellees argue that the benefits achieved by the attorneys had been enjoyed by the club members and therefore that attorney's fees would have

been owed to the firm, even if they had not been properly retained. These facts are not shown in the record, however, and the most that can be said is that this is part of the factual determination that should have been made by the trial court regarding whether the appellees were obligated to pay fees to Lee, Theisen & Eagle.

■ The second part of appellants' challenge to the attorney-client relationship between appellees and Lee, Theisen & Eagle is that the attorney's fees award should not have been granted because request for fees was being made by the attorneys on their own behalf rather than by the attorneys on behalf of the appellees. While it is unclear whether the trial court understood that Lee, Theisen & Eagle in appearing at the hearing on attorney's fees were representing themselves rather than the appellees, it is clear to this court that they were doing so both at the attorney's fees hearing and in this appeal. Although the attorneys have captioned their pleadings and briefs as if the case were brought on the appellees' behalf, they acknowledge in their appellate briefs that they were discharged by the appellees on September 28, 1984, which is several months before the hearing on attorney's fees was held. They do not claim that the appellees have given them even limited authority to seek attorney's fees from the state. Therefore, it is clear that their request for attorney's fees is made on their own behalf. It should be understood that where this opinion has referred to arguments of the appellees, the arguments are really those of the attorneys rather than appellees Alano Club 12, Inc. and Alano Boosters Club.

A.R.S. § 12–348 is modeled after the Equal Access to Justice Act, 28 U.S.C. § 2412, as noted in *New Pueblo Constructors, Inc. v. State of Arizona,* 144 Ariz. 95, 109, 696 P.2d 185, 199 (1985). The Arizona courts have held that when a state statute is similar to or patterned after federal legislation, decisions of federal courts are persuasive in determining how the state law should be construed. *See, e.g., Advance Leasing & Crane Co., Inc. v. Del E. Webb*

*Corporation,* 117 Ariz. 451, 573 P.2d 525 (App.1977); *State Tax Commission v. Oliver's Laundry & Dry Cleaning Company,* 19 Ariz.App. 442, 508 P.2d 107 (1973). In *Oguachuba v. Immigration and Naturalization Service,* 706 F.2d 93, 97–98 (2d Cir. 1983), the circuit court of appeals declared that under the Equal Access to Justice Act, an attorney has no standing to apply to the public fisc for payment on his own behalf. While the attorney and client may have an agreement between themselves that the fees obtained will ultimately go to the attorney, the application for an award of attorney's fees cannot be made on the attorney's behalf because the statute provides for fees to be awarded to the "prevailing party." In *Brown v. General Motors Corporation, Chevrolet Division,* 722 F.2d 1009 (2nd Cir.1983), the court addressed a claim for attorney's fees made by an attorney under The Civil Rights Attorneys' Fees Awards Act, 42 U.S.C. § 1988 which authorizes an award of attorney's fees to the "prevailing party." The court cited *Oguachuba* in holding that a claim for attorney's fees must be made by the party rather than the attorney.

We note that the clear language of A.R.S. § 12–348 states that attorney's fees are to be awarded to the "prevailing party." There is nothing to indicate that the award is to be made to the attorney. We agree with the appellants that the attorneys herein lacked standing to make a request for attorney's fees on their own behalf.

■ The attorneys argue that the appellants did not make this argument in the trial court and therefore are precluded from raising it on appeal. Appellants argue that they made sufficient reference to this issue to allow them to raise it on appeal. We agree with the appellants. While the appellants did not challenge the attorneys' standing to request attorney's fees in the pleadings they filed in the trial court, the transcript of the attorney's fees hearing shows that the *Oguachuba* and *Brown* cases were cited to the trial court by the appellants. The issue was not ar-

gued with much clarity at the hearing, but we conclude that there was no reason for the citing of these cases other than for the proposition that the attorney has no standing to request attorney's fees for himself. The issue was sufficiently raised to be preserved for appeal. Moreover, even if the issue was not as clearly set forth at the time of the hearing as it could have been, we note that the trial court was given the opportunity to consider the issue on the motion for new trial in which the issue was more clearly stated.

Finally, the attorneys, in the answering brief, list various theories which they argue allowed them to make their own request for attorney's fees. We have considered each of these theories and find none of them applicable to the present case.

Because the request for attorney's fees was made by the attorneys on their own behalf rather than on behalf of the appellees, and because the attorneys had no standing to request attorney's fees on their own behalf, the award of attorney's fees is reversed. This matter is remanded to the trial court with instructions to enter judgment for the state on the issue of attorney's fees.

SHELLEY and HAIRE, JJ., concur.