OPINION
 

 EHRLICH, Judge.
 

 ¶ 1 Jaeque Moedt sued General Motors Corporation for an alleged breach of an automobile warranty. The matter was settled in substance, but Moedt appeals from the attorney’s fees award, arguing that the trial court abused its discretion by failing to award her sufficient fees. General Motors cross-appeals the fee award; it challenges the court’s finding that Moedt could even recover fees pursuant to certain statutory provisions. Because the court had the authority to award fees to Moedt and the discretion to award less than the fees she requested, we affirm.
 

 BACKGROUND
 

 ¶2 Moedt sought relief for a claimed breach of warranty pursuant to two statutory provisions: the Magnuson-Moss Warranty Federal Trade Commission Improvement Act, 15 U.S.C. §§ 2301-2312 (1998)(“Magnu-son-Moss Act”), and the Arizona Motor Vehicles Warranties Act, Ariz.Rev.Stat. (“A.R.S.”) §§ 44-1261 to 44-1267 (Supp. 2002), the latter also known as Arizona’s “Lemon Law.”
 
 Kennedy v. Linda Brock Auto Plaza, Inc.,
 
 175 Ariz. 323, 324, 856 P.2d 1201, 1202 (App.1993). Both of these statutes authorize a court to award attorney’s fees to a prevailing consumer in warranty actiqns,
 
 see
 
 15 U.S.C. § 2310(d)(2); A.R.S. § 44-1265(B), and only these specific statutory provisions give authority for a fee award.
 
 See Kennedy,
 
 175 Ariz. at 325, 856 P.2d at 1203.
 

 ¶ 3 Moedt hired the law firm Krohn & Moss (“K & M”) to represent her against General Motors. As stated in her reply brief, K & M does not charge a client fees in such warranty actions but, instead, “[relies] solely on judicial enforcement of the [Magnuson-Moss Act] (and/or Arizona Lemon Law’s) fee-shifting provision for compensation.”
 

 ¶ 4 According to its attorney’s fee application, K & M began representing Moedt on July 13, 2001. It filed a complaint a month later, having corresponded throughout that month with General Motors and its counsel regarding a possible settlement. On August 21, General Motors offered to settle Moedt’s claim for $5000 plus $500 for attorney’s fees. Moedt accepted the offer with respect to her claim but moved for more attorney’s fees. Ariz. R. Crv. P. 68(c). After a hearing, the trial court awarded Moedt $712 in fees instead of the requested $4041.50. Both parties appealed.
 

 ANALYSIS
 

 ¶ 5 Moedt challenges the amount of the attorney’s fees award, whereas General Motors challenges the trial court’s authority to award fees. We first analyze General Motors’s contention.
 

 ¶ 6 General Motors argues that, because this ease settled without direct judicial involvement, Moedt is not a “prevailing party” and therefore not entitled to an attorney’s
 
 *103
 
 fees award by either the Magnuson-Moss Act or the Lemon Law. The trial court did not specify the statutory basis for its award, nor was such specificity requested by either party. However, given that the MagnusonMoss Act does not preempt state remedies, 15 U.S.C. § 2311(b)(1), the court in all probability awarded fees pursuant to the Lemon Law so we consider whether Moedt is a prevailing party according to the Arizona statute.
 
 [1]
 

 ¶ 7 In no opinion has a court analyzed what constitutes a “prevailing party” within the meaning of A.R.S. § 44-1265. The statutory language is the best indication of the legislature’s intent, though,
 
 Vega v. Sullivan,
 
 199 Ariz. 504, 507 ¶ 9, 19 P.3d 645, 648 (App. 2001), and we give that language its usual meaning unless impossible or absurd consequences would result.
 
 Bustos v. W.M. Grace Dev.,
 
 192 Ariz. 396, 398, 966 P.2d 1000, 1002 (App.1997).
 

 ¶8 The Lemon Law authorizes a court to award attorney’s fees to “a consumer [who] prevails in an action under this article.” A.R.S. § 44-1265(B). In another context, an “action” has been well defined as a “ ‘lawful demand for a legal right in accordance with the procedure prescribed by the statute,’ ”
 
 Chalpin v. Mobile Gardens, Inc.,
 
 18 Ariz.App. 231, 236, 501 P.2d 407, 412 (1972)(quoting
 
 Stephens v. Stephens,
 
 17 Ariz. 306, 152 P. 164 (1915)), and we adopt that meaning. Given that definition of “action” and its focus on a simple “lawful demand for a legal right,” a complaint filed in superior court qualifies and a party’s successful settlement of litigation constitutes “prevailing” in an “action” as meant in A.R.S. § 44-1265(B).
 

 ¶ 9 Such an interpretation also comports with a primary justification for fee-shifting provisions: the promotion of settling disagreements without extensive litigation.
 
 Wagenseller v. Scottsdale Mem’l Hosp.,
 
 147 Ariz. 370, 391, 710 P.2d 1025, 1046 (1985). A second justification is to strengthen a purchaser’s ability to enforce the consumer-protection laws.
 
 Id.; see also
 
 A.R.S. § 1-211(B) (2002) (“Statutes shall be liberally construed to effect their objects and to promote justice.”). Certainly, the legislature has demonstrated its ability to restrict an award of attorney’s fees when it chooses.
 
 See
 
 A.R.S. § 12-348(A)(Supp.2002);
 
 Lewis v. Pleasant Country, Ltd.,
 
 173 Ariz. 186, 195, 840 P.2d 1051, 1060 (App.l992)(absence of restrictive language in fee statute compared to others militated against restrictive. application). These legislative demonstrations of policy— by inclusion and exclusion — guide us to hold that a party who settles a Lemon Law claim after a lawsuit has been initiated is a “prevailing party” entitled to an award of attorney’s fees as provided by A.R.S. § 44-1265(B). •
 

 ¶ 10 General Motors then argues that the nature of Moedt’s agreement with K & M prevented the trial court from awarding attorney’s fees. The premise of its argument is that K & M agreed not to charge Moedt fees, instead planning to obtain its compensation from the court’s enforcement of a statutory provision. Thus, General Motors reasons, because Moedt was not liable for fees, any award for fees for which she was not financially responsible is unfair to General Motors.
 

 ¶ 11 At least two requirements are necessary for the recovery of attorney’s fees: an attorney-client relationship between the party and counsel, and “a genuine financial obligation on the part of the litigant[ ] to pay such fees.”
 
 Lisa v. Strom,
 
 183 Ariz. 415, 419, 904 P.2d 1239, 1243 (App.1995). The court in
 
 Lisa
 
 addressed contingent-fee agreements, stating that “an agreement to pay attorney’s fees out of the recovery itself
 
 is
 
 a genuine financial obligation.”
 
 Id.
 
 at 419 n. 3, 904 P.2d at 1243 n. 3.
 

 
 *104
 
 ¶ 12 As a practical matter, the Moedt-K & M agreement is a contingent-fee agreement. Instead of a percentage of the amount of a settlement or judgment, Moedt agreed to give her attorney such fees as would be awarded by the court, if any.
 
 See Sparks v. Republic Nat’l Life Ins. Co.,
 
 132 Ariz. 529, 545, 647 P.2d 1127, 1143 (1982) (“We cannot agree that a contingency-fee agreement does not obligate a party ‘to pay attorney’s fees from his own pocket’.... After obtaining a judgment, a client who has retained counsel on a contingency basis must surrender the agreed upon percentage of the judgment as remuneration.”). Thus, the Moedt-K & M attorney’s fee agreement created a financial obligation between Moedt and K & M.
 

 ¶ 13 Additionally, this court has interpreted statutory language permitting fees to be awarded to a “prevailing party,” as was Moedt, as vesting the interest in the award in the litigant, not the attorney, regardless of what fee arrangement exists between the litigant and her counsel.
 
 Alano Club 12, Inc. v. Hibbs,
 
 150 Ariz. 428, 434, 724 P.2d 47, 53 (App.1986). General Motors suggests that
 
 Alano Club
 
 should control our resolution of this case otherwise, claiming that the case stands for the proposition that an attorney does not have standing to request fees on his own behalf when the litigant has no obligation to pay the fees.
 
 Id.
 
 Aside from our conclusion that the fee agreement did obligate Moedt to pay K & M, an important factor distinguishing
 
 Alano Club
 
 from this case is that the
 
 Alano Club
 
 litigants had dismissed their counsel several months before those attorneys filed their fee application,
 
 id.,
 
 whereas Moedt seemingly has authorized K & M to contest the attorney’s fee issue.
 

 ¶ 14 We also reject General Motors’ contention that Moedt is not an “aggrieved party,” required by Arizona Rule of Civil Appellate Procedure 1, and therefore lacks standing.
 
 See Abril v. Harris,
 
 157 Ariz. 78, 80-81, 754 P.2d 1353, 1355-56 (App.1987) (A party is aggrieved if (1) interest is direct, substantial and immediate, (2) party would be benefitted by reversal of the judgment and (3) party’s pecuniary interest has been directly affected.);
 
 Sedillo v. City of Flagstaff,
 
 153 Ariz. 478, 481, 737 P.2d 1377, 1380 (App.l987)(“A person who is dissatisfied with the amount of judgment is an aggrieved party entitled to appeal.”);
 
 Chambers v. United Farm Workers Org. Comm.,
 
 25 Ariz.App. 104, 106, 541 P.2d 567, 569 (1975)(“ ‘Standing’ focuses on the parties and requires that each party possess an interest in the outcome of the litigation.”). Concluding that Moedt could recover fees,
 
 [2]
 
 we consider her challenge of the amount awarded.
 

 ¶ 15 Moedt claims that the trial court abused its discretion by awarding less than the total attorney’s fees claimed. We therefore examine what power a court has to award fees according to the applicable statutory provisions.
 

 ¶ 16 Section 44-1265(B), A.R.S., states that, if “a consumer prevails in an action under this article, the court shall award the consumer reasonable costs and attorney fees.” Although no opinion has considered an award pursuant to this provision, a case interpreting a similar fee provision provides guidance. In
 
 Exodyne Prop., Inc. v. City of Phoenix,
 
 165 Ariz. 373, 380, 798 P.2d 1382, 1389 (App.1990), this court analyzed A.R.S. § 12-2030 (Supp.2002), which provides that “[a] court shall award fees and other expenses [including] reasonable and necessary attorney fees” to a prevailing party in a mandamus action. We determined that, although the language of § 12-2030 mandates a fee award, the court “may still make a determination of reasonableness.”
 
 Id.
 

 ¶ 17 This rationale is applicable to A.R.S. § 44-1265. Although the court must award attorney’s fees to a prevailing party in a Lemon Law action, because the court also
 
 *105
 
 must determine what fees are reasonable, A.R.S. § 44-1265, we consider the trial court’s decision as an exercise of its discretion.
 
 City of Tempe v. Outdoor Sys., Inc.,
 
 201 Ariz. 106, 113 ¶ 31, 32 P.3d 31, 38 (App. 2001).
 
 [3]
 
 When provided with discretion to calculate the amount of fees to grant, the court may award less than the requested amount, a calculation not disturbed on appeal absent a clear abuse of the trial court’s discretion.
 
 Hunt Inv. Co. v. Eliot,
 
 154 Ariz. 357, 362, 742 P.2d 858, 863 (App.1987).
 

 ¶ 18 Although it would have been preferable had the trial court provided its reason for reducing K & M’s request, it did not do so, and A.R.S. § 44-1265 does not require such findings. We therefore will affirm the award if any reasonable construction of the record supports it.
 
 In re CVR 1997 Irrevocable Trust,
 
 202 Ariz. 174, 177 ¶ 16, 42 P.3d 605, 608 (App.2002).
 

 ¶ 19 The Arizona Supreme Court has provided the following factors to assess the reasonableness of an attorney’s fee request:
 

 (1) whether the unsuccessful party’s position or defense had merit;
 

 (2) whether the litigation could have been avoided or settled and how the successful party’s efforts influenced the result;
 

 (3) whether assessing fees against the unsuccessful party would cause an extreme hardship;
 

 (4) whether the successful party prevailed with respect to all of the relief sought;
 

 (5) whether the legal question at issue was novel;
 

 (6) whether such claim or defense had previously been adjudicated in this jurisdiction, and
 

 (7) whether the particular award would discourage other parties with tenable claims or defenses from litigating or defending legitimate issues for fear of incurring liability for substantial amounts of attorney’s fees.
 

 See Assoc. Indem. Corp. v. Warner,
 
 143 Ariz. 567, 570, 694 P.2d 1181, 1184 (1985). Moedt argues the trial court abused its discretion notably by failing to give appropriate weight to the public policy behind the fee-shifting statutes. However, such concerns are present in the
 
 Warner
 
 factors.
 
 Compare Warner,
 
 143 Ariz. at 570, 694 P.2d at 1184 (factors listed above, focusing on promotion of meritorious claims and settlements and ensuring that fee-shifting does not chill claims or defenses)
 
 with Wagenseller,
 
 147 Ariz. at 391, 710 P.2d at 1046 (justification for fee-shifting includes: (1) protecting victims, (2) discouraging non-meritorious litigation, (3) encouraging just claims and defenses, and (4) promoting settlements). Additionally, the weight given to any one factor is within the court’s discretion.
 
 See Catalina Foothills Ass’n, Inc. v. White,
 
 132 Ariz. 427, 428, 646 P.2d 312, 313 (App.1982).
 

 ¶ 20 The trial court could have reasonably found that the
 
 Warner
 
 factors supported an award of attorney’s fees in an amount less than Moedt requested.
 
 See Moser v. Moser,
 
 117 Ariz. 312, 315, 572 P.2d 446, 449 (App.1977)(“The trial court abuses its discretion as to attorney’s fees only when its view would not be taken by a reasonable man.”). At the fee-application hearing, the court specifically asked Moedt’s counsel to respond to General Motors’s claim that the work involved in this ease involved merely “changing out form motions.” This comment suggests that the court believed that the legal issues were neither complex nor novel and/or that some of K & M’s efforts were not necessary for the resolution of this matter.
 
 See Warner,
 
 143 Ariz. at 570, 694 P.2d at 1184. The court also may have accepted General Motors’s argument that the work should have been charged at a hourly rate lower than $175 per hour given the work’s lack of complexity and the fact that the attorney had graduated from law school only a year before.
 
 Ahwatukee Custom Estates Mgmt. Ass’n, Inc. v. Bach,
 
 193 Ariz. 401, 403 ¶ 8, 973 P.2d 106, 108 (1999)(court should consider whether fees “ ‘bear a direct rela
 
 *106
 
 tion to ... the quality, kind and extent of the service[s] rendered.’ ’’)(quoting
 
 Leggett v. Wardenburg,
 
 53 Ariz. 105, 107, 85 P.2d 989, 990 (1939)(emphasis deleted)).
 

 ¶ 21 The trial court’s concerns were legitimate. We will not substitute our judgment for the appropriate exercise of its discretion.
 
 Warner,
 
 143 Ariz. at 571, 694 P.2d at 1185.
 

 ¶ 22 Moedt also argues that the trial court may have failed to award attorney’s fees for the fee dispute itself or that it may have attempted to reduce the award by a percentage. However, as stated above, the court did not provide a reason for awarding less than the requested amount, and, as also previously stated, not only does A.R.S. § 44-1265 not require the court to enter such findings, Moedt failed to request specific findings pursuant to Arizona Rule of Civil Procedure 52(a). Thus, the record provides no support for Moedt’s interpretations of the court’s reasoning, and we decline to address her speculation.
 
 See Danielson v. Evans,
 
 201 Ariz. 401, 412 ¶ 42, 36 P.3d 749, 760 (App.2001).
 

 ¶23 Finally, both parties have requested attorney’s fees on appeal. We have considered the appropriate factors, and, in the exercise of our discretion, we decline to award fees to either party.
 

 CONCLUSION
 

 ¶ 24 The judgment is affirmed.
 

 CONCURRING: WILLIAM F. GARBARINO, Presiding Judge and JON W. THOMPSON, Judge.
 

 [1]
 

 . Whether Moedt is a "prevailing party” under the Magnuson-Moss Act is unclear given recent federal decisions.
 
 Compare Pitchford v. Oakwood Mobile Homes, Inc.,
 
 212 F.Supp.2d 613, 617 (W.D.Va.2002)("[T]o recover attorney’s fees under Magnus[e]n-Moss, a party must have either obtained a judgment on the merits or, alternatively, reached a settlement agreement enforced through a consent decree.”)(citing
 
 Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep’t of Health & Human Res.,
 
 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001))
 
 with Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc.,
 
 298 F.3d 1238, 1248-49 (11th Cir.2002)(majority and dissenting opinions disputing whether settlement satisfies requirements of
 
 Buckhannon
 
 ).
 

 [2]
 

 . General Motors also challenges any notion that attorney's fees could be awarded under the “private attorney general doctrine.” Addressing this argument is not necessary for a resolution of this case.
 
 See Arnold v. Ariz. Dep't of Health Serv.,
 
 160 Ariz. 593, 609, 775 P.2d 521, 537 (1989)("The private attorney general doctrine is an equitable rule [that] permits courts in their discretion to award attorney's fees to a party who has vindicated a right that: (1) benefits a large number of people; (2) requires private enforcement; and (3) is of societal importance.”).
 

 [3]
 

 . A court awarding attorney’s fees pursuant to the Magnuson-Moss Act also has discretion in the amount of fees awarded.
 
 See, e.g., Samuels v. Am. Motors Sales Corp.,
 
 969 F.2d 573, 575, 578 (7th Cir.1992)(court awarded $11,137 rather than requested $38,149.75);
 
 Hanks v. Pandolfo,
 
 38 Conn.Supp. 447, 450 A.2d 1167, 1169 (1982) (award of $450 when $2825 requested).