**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

DEC 06 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARK H. GOLDBERG, SHERRY R. GOLDBERG, AND THE MH & SR GOLDBERG FAMILY TRUST BY MARK H. GOLDBERG AND SHERRY R. GOLDBERG, as Trustees, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> PACIFIC INDEMNITY COMPANY AND FEDERAL INSURANCE COMPANY, <br><br> Defendants-Appellees. | No. 08-17316 <br><br> D.C. No. CV-05-2670-JAT <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Argued Submitted November 1, 2010
San Francisco, California

Before: ALARCÓN and RYMER, Circuit Judges, and TRAGER, District Judge[**]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable David G. Trager, Senior United States District Judge for the Eastern District of New York, sitting by designation.

Plaintiffs appeal several issues decided by the district court, namely: (1) the district court's grant of defendants' motion for summary judgment on plaintiffs' bad faith claim; (2) the content of certain jury instructions given by the district court on plaintiffs' breach of contract claim and the sufficiency of the evidence supporting those instructions; and (3) the district court's grant of attorneys' fees to defendants. Given the parties' familiarity with the facts, we do not fully recount them here except as necessary to explain our decision. This court has jurisdiction under 28 U.S.C. § 1291. For the following reasons, we affirm.[1]

## I. The District Court Did Not Err by Granting Defendants' Motion for Summary Judgment on Plaintiffs' Bad Faith Claim

Plaintiffs argue that the district court improperly granted defendants' motion for summary judgment on plaintiffs' bad faith claim. Plaintiffs allege that there was sufficient evidence in the record for a reasonable juror to find that defendants acted in bad faith by: (1) refusing to raze and rebuild plaintiffs' house, which plaintiffs argue was not a fairly debatable assessment of plaintiffs' insurance claim; and (2) investigating plaintiffs' claim in bad faith. This court reviews the district

---

[1] Defendants cross-appealed the district court's May 13, 2009 Order denying defendants' request for expert witness fees and double costs pursuant to Arizona Rule of Civil Procedure 68. (No. 09-16243.) We affirm the district court's decision in an opinion filed concurrently with this memorandum disposition.

2

court's grant of summary judgment de novo. Bias v. Moynihan, 508 F.3d 1212, 1218 (9th Cir. 2007).

Under Arizona law, the tort of bad faith arises "when the insurer intentionally denies, fails to process or pay a claim without a reasonable basis." Zilisch v. State Farm Mut. Auto. Ins. Co., 995 P.2d 276, 279 (Ariz. 2000) (internal quotations omitted). An insurer's assessment of a claim does not constitute bad faith if it is "fairly debatable." Lasma Corp. v. Monarch Ins. Co. of Ohio, 764 P.2d 1118, 1122-23 (Ariz. 1988).

However, even if an insurer's assessment of a claim was fairly debatable, the insurer may still be liable if it unreasonably failed to conduct an adequate investigation of the insured's claim or acted unreasonably in evaluating the claim. Zilisch, 995 P.2d at 280. Arizona applies a two-prong test to determine whether an insurer acted in bad faith in investigating, evaluating and processing a claim. There must be "sufficient evidence from which reasonable jurors could conclude that in the investigation, evaluation, and processing of the claim, [1] the insurer acted unreasonably and [2] either knew or was conscious of the fact that its conduct was unreasonable." Id. at 280. Thus, an insured must satisfy both an objective and a subjective prong to prove bad faith. Trus Joist Corp. v. Safeco Ins. Co., 735 P.2d 125, 134 (Ariz. App. 1986).

It is unnecessary to address the merits of plaintiffs' first argument – that defendants' failure to raze and rebuild plaintiffs' home was not fairly debatable – because plaintiffs waived that argument by failing to raise it in their Opposition to Summary Judgment before the district court. As a general rule, this court does not consider arguments that are raised for the first time on appeal. See Smith v. Marsh, 194 F.3d 1045, 1052 (9th Cir. 1999).

Plaintiffs' second argument – that there is sufficient evidence in the record for a reasonable juror to find that defendants investigated plaintiffs' claim in bad faith – fails because no reasonable juror could find that defendants acted in an objectively unreasonable manner. No reasonable juror could find that plaintiffs acted unreasonably by failing to use urine sniffing dogs or gas chromatography when plaintiffs' own expert doubted the reliability of those tests. Likewise, no reasonable juror could find that the objective testing procedures plaintiffs used were inadequate because plaintiffs do not point to any evidence that other objective testing protocols were available, and plaintiffs never proposed alternative testing protocols despite invitations from defendants to do so. This court has reviewed the record with regard to plaintiffs' other allegations of bad faith conduct and finds that no reasonable juror could find that any of the conduct that plaintiffs point to in their briefs or discuss in their "Comprehensive Statement of Facts" was objectively

4

unreasonable.

## II. None of the Jury Instructions on Plaintiffs' Breach of Contract Claim Constitute Reversible Error

Plaintiffs argue that the district court erred in its pretrial rulings and related jury instructions by: (1) requiring plaintiffs to prove a physical loss; and (2) denying plaintiffs' Rule 50 motion for judgment as a matter of law regarding certain policy conditions and exclusions. This court reviews claims of error in jury instructions for abuse of discretion. Snake River Valley Elec. Ass'n v. PacifiCorp, 357 F.3d 1042, 1052 n.11 (9th Cir. 2004). Legal error in the instruction is a per se abuse of discretion, subject to a harmless error analysis. Id. This court reviews a district court's denial of a motion for judgment as a matter of law de novo, considering whether any reasonable jury could find in favor of the non-moving party. Lakeside-Scott v. Multnomah Cty., 556 F.3d 797, 802 (9th Cir. 2009).

Plaintiffs' first argument – that the district court erred by allowing the jury to determine whether the presence of odors in a home constitutes physical loss – has no merit. As an initial matter, the instruction at issue dealt with smells from excluded conditions (mold, animals or groundwater), not urine, as plaintiffs argue. Even if it had dealt with physical loss from the urine odor, it would still have been proper because it is an accurate statement of the law. Finally, even if plaintiffs'

5

argument had merit, they waived any objection to the form of the instruction by suggesting a substantially similar instruction at trial.

Plaintiffs' second argument – that the district court improperly denied their Rule 50 motion regarding policy provisions and exclusions – also fails. Even if the district court improperly denied plaintiffs' Rule 50 motion with regard to one or more policy provisions or affirmative defenses, any error was harmless.

When the jury issues a general verdict that does not specifically state the grounds on which the jury reached its verdict, and some but not all of the theories submitted to the jury lack evidentiary support, "the reviewing court has discretion to construe a general verdict as attributable to another theory if it was supported by substantial evidence and was submitted to the jury free from error." Traver v. Meshriy, 627 F.2d 934, 938 (9th Cir. 1980).

Here, the jury's verdict may be upheld because there was substantial evidence to support the jury's general verdict for defendants on the breach of contract claim under the theory that the contract did not require defendants to raze and rebuild plaintiffs' house because many of the odors in the home were caused by non-urine sources, which, although covered by the insurance policy, likely could be remediated, and that any remaining urine contamination could also be remediated. As such, any error that may have existed in denying plaintiffs'

6

Rule 50 motion regarding certain policy conditions and exclusions raised by defendants was harmless.

### III. The District Court Did Not Abuse Its Discretion by Granting Defendants Attorneys' Fees

Plaintiffs argue that the district court erred by awarding $2,966,106.37 in attorneys' fees to defendants. In awarding fees, the district court applied Arizona law, which vests discretion in trial courts to award reasonable attorneys' fees to a successful contract litigant. A.R.S. 12-341.01; Assoc. Indem. Corp. v. Warner, 694 P.2d 1181, 1183 (Ariz. 1985). This court reviews an award of attorneys' fees under state law for abuse of discretion. Vess v. Ciba-Geigy Corp., 317 F.3d 1097, 1102 (9th Cir. 2003).

Under Arizona law, trial courts are to consider six factors in deciding whether attorneys' fees should be granted. Those factors are: (1) whether the unsuccessful party's claims or defenses were meritorious; (2) whether the litigation could have been avoided or settled and the successful party's efforts were completely superfluous in achieving that result; (3) whether assessing fees against the unsuccessful party would cause an extreme hardship; (4) whether the successful party prevailed with respect to all the relief sought; (5) whether the legal question was novel and whether such claim or defense has previously been

adjudicated in this jurisdiction; and (6) whether the award would discourage other parties with tenable claims or defenses from litigating or defending legitimate contract issues for fear of incurring liability for substantial amounts of attorneys' fees. Newbery Corp. v. Fireman's Fund Ins. Co., 95 F.3d 1392, 1405-06 (9th Cir. 1996) (citing Assoc. Indem., 694 P.2d at 1184). "[T]he weight given to any one factor is within the court's discretion." Moedt v. Gen. Motors Corp., 60 P.3d 240, 245 (Ariz. App. 2000).

Plaintiffs, focusing on the sixth factor, argue that the award of attorneys' fees would discourage future insureds from challenging claims decisions made by their insurers. However, plaintiffs fail to show how the district court, which found that this factor marginally favored defendants, abused its discretion. The district court recognized that "any award of this magnitude could possibly chill future plaintiffs from bringing meritorious claims," but found that "the particular circumstances of this case" made it unlikely that an award of attorneys' fees would have a chilling effect. Goldberg v. Pac. Indem. Co., No. CV 05-2670-PHX-JAT, 2009 WL 1327528, at *5 (D. Ariz. May 13, 2009). Because the district court considered the specific circumstances of this case in deciding that the chilling effect factor weighed marginally in favor of defendants, and because it found that all but one of the six factors weighed in favor of defendants, the district court did not abuse its

8

discretion by awarding defendants attorneys' fees pursuant to Arizona law.

For the foregoing reasons, the district court's grant of summary judgment to defendants on plaintiffs' bad faith claim, pretrial rulings on plaintiffs' breach of contract claim and grant of attorneys' fees to defendants are affirmed.

**AFFIRMED.**