NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

———————————————

MICHAEL P. THIEME and DOROTA THIEME, husband and wife;
ESTATE OF MICHAEL J. STAVOLA; KATHRYN A. WEBER,
as an individual and as Special Administrator of the
ESTATE OF MICHAEL J. STAVOLA,
*Plaintiffs/Counter-Defendants/Appellees/Cross-Appellants*,


*v.*


DANIEL SZEWCZYK and LINDA M. SZEWCZYK, husband and wife,
*Defendants/Counter-Claimants/Appellants/Cross-Appellees*.

No. 1 CA-CV 17-0697
FILED 4-4-2019

———————————————

Appeal from the Superior Court in Yavapai County
No. P1300CV201300245
The Honorable David L. Mackey, Judge

**JUDGMENT AFFIRMED AS MODIFIED IN PART, VACATED AND
REMANDED IN PART**


COUNSEL

O'Leary Eaton, PLLC, Prescott
By William J. O'Leary, Michael P. Thieme
*Counsel for Plaintiffs/Counter-Defendants/Appellees/Cross-Appellants*

J. Jeffrey Coughlin, PLLC, Prescott
By J. Jeffrey Coughlin
*Counsel for Defendants/Counter-Claimants/Appellants/Cross-Appellees*

---

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Michael J. Brown and Judge Jennifer M. Perkins joined.

---

J O H N S E N, Judge:

¶1             Daniel and Linda M. Szewczyk ("Appellants") appeal various aspects of a judgment resolving disputes under a Shared Well Agreement ("SWA").  Michael P. and Dorota Thieme, the Estate of Michael J. Stavola, and Kathryn A. Weber (collectively "Appellees") cross-appeal the amount of attorney's fees the superior court awarded them.  We affirm the judgment as modified in part, vacate the judgment in part and remand.

**FACTS AND PROCEDURAL BACKGROUND**

¶2             The SWA covers three adjacent parcels in Yavapai County.  The well is located on the parcel now owned by Weber.  The SWA granted the owners of the other two parcels "access to the well . . . at any time to service, repair or check ups [sic]."  It also obligated Appellants to provide power to the well, with power costs "to be split between each owner based on the number [of] residences per parcel" at a rate of $5 per person, per month.

¶3             Appellants wrote to the Thiemes on February 5, 2013, demanding that they pay $480 in power costs, including amounts past due for 2012 and costs for all of 2013.  That same day, Appellants sent the Thiemes a second letter notifying them that Appellants were "abandoning [their] interest in the 'shared well'" because they were "not serviced in any way by the 'shared well.'"  Michael Thieme responded, offering $120 "under duress and under protest" and contending Appellants' second letter constituted an anticipatory breach of the SWA.  He also demanded Appellants quitclaim the "implied easement created by the [SWA] for pipes and electricity that run across [Appellants'] property . . . ."

¶4             About a month later, Michael Thieme, who is a licensed lawyer, filed suit against Appellants on behalf of Appellees.  The complaint alleged, among other claims, breach of the SWA, breach of the implied covenant of good faith and fair dealing, intentional infliction of emotional distress, and "Contract by Estoppel."  Appellees sought a temporary

2

restraining order, which was resolved after the parties stipulated that "the current water supply system will remain as the status quo during the pendency of the litigation." Appellants then filed a counterclaim seeking reformation of the SWA and alleging breach of the SWA based on failure to make timely payments and nuisance based on alleged violations of covenants, conditions and restrictions.

**¶5**        The superior court granted summary judgment to Appellees on Appellants' nuisance claim. The court then ordered that a jury would decide (1) Appellees' breach-of-contract claim, (2) Appellees' claim for breach of good faith and fair dealing and (3) Appellants' breach-of-contract counterclaim. The court ordered it would decide Appellees' contract-by-estoppel claim and Appellants' reformation and declaratory relief counterclaims following trial.

**¶6**        The jury returned verdicts for Appellants and awarded them $20,000 on their counterclaim for breach of contract. Appellees moved for a new trial and to alter or amend the judgment, arguing, among other things, that the damages award was excessive and not supported by the evidence. In a detailed ruling describing its analysis, the superior court denied both of Appellees' motions but reduced the damages award to $480 pursuant to what is now codified as Arizona Rule of Civil Procedure 59(f)(1)(A).[1] Appellants accepted the reduction.

**¶7**        Following additional briefing, the superior court declined to order Appellants' future performance excused under the SWA, stating that it did not "interpret the jury verdict as a binding determination that a material breach excuses [Appellants] from performing under the [SWA]." The court also determined that Appellants failed to show reformation was warranted based on any alleged mistake by its original parties.

**¶8**        The superior court further ruled that the SWA implied an easement over Appellants' property in favor of Appellees for water pipes and electric wiring, granted judgment to Appellees on their claim for quiet title and permanently enjoined Appellants from shutting off electricity to the shared well or blocking Appellees' access thereto.

**¶9**        Both sides then applied for attorney's fees and costs, with each side seeking more than $100,000 in fees. The court determined Appellees were the prevailing parties under the SWA because they succeeded in

---

[1]        Absent material revision after the relevant date, we cite the current version of a statute or rule.

establishing the continuing validity of the SWA. On that basis, the court awarded Appellees $5,062.50 in fees, representing approximately 25 percent of the fees billed by a partner at Michael Thieme's law firm, William O'Leary. The court declined to award any fees billed by Michael Thieme, finding, *inter alia*, that it lacked adequate proof "that any of the [Appellees] have an obligation to pay" those fees. The court also declined to award any additional fees to Appellees under Arizona Revised Statutes ("A.R.S.") section 12-1103(B).

**¶10** Appellants moved for a new trial. The court denied the motion, and this appeal and cross-appeal followed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, A.R.S. § 12-120.21(A)(1) (2019) and -2101(A)(1) (2019).

## DISCUSSION

### A. The Appeal.

**¶11** We review the denial of a motion for new trial for an abuse of discretion. *Spring v. Bradford*, 243 Ariz. 167, 170, ¶ 11 (2017). But we review pure questions of law raised therein *de novo*. *Sandretto v. Payson Healthcare Mgmt., Inc.*, 234 Ariz. 351, 355, ¶ 8 (App. 2014).

#### 1. The Superior Court did not err in declining to excuse Appellants' future performance under the SWA.

**¶12** Appellants first contend the superior court "discarded the jury's unanimous verdict that [Appellees] breached the SWA" by ruling after the trial that the breach the jury found was not material. They argue the jury must have found either a failure of consideration or a material breach and contend either finding would have excused their future performance under the SWA. As support, Appellants cite the court's final jury instructions:

> [Appellants] contend that there has been failure of consideration for or a material breach of the contract by [Appellees]. Failure of consideration or a material breach occurs when a party fails to do something required by the contract which is so important to the contract that the failure or breach defeats the very purpose of the contract.
>
> [Appellants] have the burden of proving the failure of consideration or material breach by [Appellees].

4

> Failure of consideration or material breach by [Appellees] excuses [Appellants'] performance regarding [Appellees].

*See Murphy Farrell Dev., LLLP v. Sourant*, 229 Ariz. 124, 133, ¶ 33 (App. 2012) (uncured material breach of contract relieves non-breaching party from duty to perform and can discharge that party from the contract). The superior court, however, also gave the jury a separate instruction on breach of contract that read as follows:

> On a claim for breach of written term of a contract, the party asserting the claim must prove:
>
> 1. The parties had a contract;
>
> 2. A party breached a written term of the contract; and
>
> 3. Damages resulted from the breach of a written term of the contract.

¶13 The jury was not instructed in any detail about how to determine whether a breach is material, and Appellants did not propose any such instruction. *See Found. Dev. Corp. v. Loehmann's, Inc.*, 163 Ariz. 438, 446-47 (1990) (adopting five factors listed in Restatement (Second) Contracts § 241 (1981) for determining whether a breach is material). It thus was possible for the jury to find the Thiemes' failure to pay breached the SWA but did not excuse Appellants from continuing to perform.

¶14 Moreover, Appellants did not provide this court with the trial transcript and they cite no evidence to suggest the court erred in ruling that the breach was immaterial. Under these circumstances, we must assume the evidence presented at trial supported the court's ruling. Arizona Rule of Civil Appellate Procedure ("ARCAP") 11(c)(1)(A), (B); *Blair v. Burgener*, 226 Ariz. 213, 217, ¶ 9 (App. 2010); *Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995).

### 2. The Superior Court properly denied Appellants' claims for reformation and declaratory relief.

¶15 Appellants next contend "[t]he court's erroneous Ruling on the excusal of performance issue established the basis for it to deny . . . Reformation of the SWA and Declaratory Relief." As we are upholding the court's ruling declining to excuse their performance, we do not reach this issue.

### 3. Prevailing parties under the SWA.

¶16　　　　　Appellants also challenge the superior court's ruling that Appellees were the prevailing parties for purposes of awarding attorney's fees under the SWA. The SWA provides:

> In the event it is necessary to take legal action to enforce any term of this agreement, the prevailing party shall be entitled to collect reasonable attorney's fees.

We enforce contractual attorney's fee provisions according to their terms. *Berry v. 352 E. Virginia, L.L.C.*, 228 Ariz. 9, 13, ¶ 17 (App. 2011). The superior court had discretion to determine who was the "prevailing party" under the SWA; we will not disturb its decision if there is any reasonable basis for it. *Murphy Farrell*, 229 Ariz. at 133, ¶ 31; *see also City of Cottonwood v. James L. Fann Contracting, Inc.*, 179 Ariz. 185, 194 (App. 1994) ("Because of the trial court's proximity to the matter and its better familiarity with the parties, the suit, and the issues, an appellate court is usually reluctant to overturn its ruling on attorney's fees.").

¶17　　　　　When a case involves multiple claims and parties, the court may use a "percentage of success" test or a "totality of the litigation" test to determine the successful party. *Murphy Farrell*, 229 Ariz. at 134, ¶ 36. Here, after analyzing the totality of the litigation, the superior court found "the issue central to this case was the validity of the [SWA]," and on that basis ruled Appellees were the successful parties. Appellants argue the court did not consider their pretrial successes in reaching that conclusion. Each side prevailed on one issue at the summary judgment stage; Appellants on punitive damages and Appellees on the nuisance counterclaim. Appellants cite no authority to support their contention that rulings on motions in limine or discovery motions must be tallied in any prevailing-party calculus.

¶18　　　　　Appellants also contend, based on "evidence submitted at trial," that the central issue presented by the parties' respective claims and counterclaims was the Thiemes' failure to pay their share of the power costs. As noted above, Appellants did not provide this court with the trial transcript. We therefore must presume the evidence supported the court's prevailing-party determination. *Blair*, 226 Ariz. at 217, ¶ 9.

### 4. Proof of Appellees' obligation to pay.

¶19　　　　　Appellants also contend the attorney's fee award was improper because Appellees did not present proof of actual payment of the

fees. Attorney's fee awards "should be made to mitigate the burden of the expense of litigation" and "may not exceed the amount paid or agreed to be paid." A.R.S. § 12-341.01(B). For that reason, a litigant seeking to recover fees must show (1) an attorney-client relationship and (2) a genuine financial obligation to pay the fees. *Moedt v. Gen. Motors Corp.*, 204 Ariz. 100, 103, ¶ 11 (App. 2002).

**¶20** The superior court awarded approximately 25 percent of the fees billed by O'Leary but awarded none of the fees billed by Michael Thieme. With their fee application, Appellees filed an affidavit by O'Leary that detailed the attorneys' hourly rates, the trial and post-trial services provided and the time spent providing them. *See Barth v. Cochise County*, 213 Ariz. 59, 64, ¶ 19 (App. 2006) (attorney's fee affidavit should "include the hourly rate, the dates on which services were provided, the names of the persons who performed the services, what services were rendered, and the number of hours spent performing each one"). The affidavit also stated that Appellees had "agreed to pay these fees . . . or have already paid them when billed." The burden then shifted to Appellants to show the requested fees were inappropriate or unreasonable. *Assyia v. State Farm Mut. Auto. Ins. Co.*, 229 Ariz. 216, 223, ¶ 29 (App. 2012).

**¶21** Rather than attack the reasonableness of the fee request, Appellants instead speculate that Appellees may not have paid any of O'Leary's fees. But O'Leary's averment that Appellees had agreed to pay the fees or had already done so was sufficient to satisfy the requirement that fees may not be awarded in the absence of an obligation to pay. *See Moedt*, 204 Ariz. at 103, ¶ 11.

### 5. Evidence of Thieme's 2012 arrest is moot.

**¶22** Appellants also challenge the ruling precluding them from inquiring at a deposition into Michael Thieme's 2012 arrest for driving under the influence and introducing related evidence at trial. Appellants contend this ruling "resulted in [them] being unable [to] properly defend against" Appellees' claim for intentional infliction of emotional distress. Appellants prevailed on that claim, rendering this issue moot.

**B.      The Cross-Appeal.**

**¶23**      Appellees challenge the superior court's fee rulings on three grounds.

### 1.    The court did not abuse its discretion in declining to award attorney's fees under A.R.S. § 12-1103(B).

**¶24**      A party prevailing in a quiet title action may recover attorney's fees if, 20 days before bringing the action, he or she tendered five dollars with a request that the other party execute a quit claim deed, and the other party does not comply.  A.R.S. § 12-1103(B); *Cook v. Grebe*, 245 Ariz. 367, ___, ¶ 5 (App. 2018).  The court has discretion to decline to award fees, however, even when these requirements are met.  *Scottsdale Mem'l Health Sys., Inc. v. Clark*, 164 Ariz. 211, 215 (App. 1990).  We review the ruling for an abuse of that discretion.  *Cook*, 245 Ariz. at ___, ¶ 11.

**¶25**      Here, the superior court determined "the issue of quieting title to the [SWA] and any implied easements could have been resolved by summary judgment at an early stage in this litigation."  Appellees contend this ruling improperly "impos[ed] some sort of legal duty . . . to have filed a motion for summary judgment to resolve the case, at least with respect to the quiet title issue."  But one factor in determining an appropriate fee award is "whether the parties could have avoided or settled the litigation and whether 'the successful party's efforts were completely superfluous in achieving the result.'"  *Orfaly v. Tucson Symphony Soc'y*, 209 Ariz. 260, 265, ¶ 19 (App. 2004) (quoting *Associated Indem. Corp. v. Warner*, 143 Ariz. 567, 570 (1985)).  Appellees do not show the court misapplied this factor.

**¶26**      The court further concluded that the "fees and costs awarded . . . pursuant to the [SWA] are the same fees and costs that are awardable on the quiet title action." Appellees contend any fees awarded under § 12-1103(B) would not have duplicated the fees the court awarded under the SWA because the court "did not award the entire amount of fees requested by [Appellees] under the SWA."  The fact that they did not receive all the fees they requested does not foreclose the potential for duplicative recovery.

### 2.    The court did not abuse its discretion in determining a reasonable fee award under the SWA.

**¶27**      Appellees next contend the fee award the court made under the SWA was insufficient.  We review the amount of a fee award for an abuse of discretion. *Charles I. Friedman, P.C. v. Microsoft Corp.*, 213 Ariz. 344,

8

350, ¶ 17 (App. 2006). An abuse of discretion occurs if there is no evidence to support the court's conclusion or the reasons given are clearly untenable, legally incorrect, or amount to a denial of justice. *Id.* We review the record in the light most favorable to upholding the award. *In re Indenture of Trust Dated January 13, 1964*, 235 Ariz. 40, 51, ¶ 41 (App. 2014).

**¶28** At the outset, Appellees contend the superior court erred in concluding their claims for nuisance and intentional infliction of emotional distress were "frivolous" and argue some of Appellants' counterclaims also were frivolous. As neither side provided this court with a trial transcript, we must assume the evidence supports the court's conclusions as to which claims were frivolous and which were not. *Blair*, 226 Ariz. at 217, ¶ 9.

**¶29** More generally, Appellees take exception to the court's finding that "[t]he proof is inadequate that any of the [Appellees] have an obligation to pay the law firm of O'Leary Eaton . . . for the $86,780.00 in attorney's fees billed by . . . Thieme." In support of their fee application, Appellees submitted copies of two engagement letters signed by O'Leary but not Appellees. They also provided an affidavit by O'Leary averring that Appellees "have agreed to pay these fees . . . or have already paid them when billed." As stated above, the O'Leary affidavit sufficed to prove that Appellees were obligated to pay the law firm for time billed by Michael Thieme.

**¶30** Appellants argue that the general rule, however, is that no fees may be awarded to a lawyer who represents himself. *Cf. Munger Chadwick, P.L.C. v. Farwest Dev. and Constr. of the Southwest, LLC*, 235 Ariz. 125, 126-27, ¶ 5 (App. 2014) ("In Arizona, it is the rule that parties who represent themselves in a legal action are not entitled to recover attorney fees."). But that rule does not apply when, as here, the lawyer represents other clients as well. *Lisa v. Strom*, 183 Ariz. 415, 419 (App. 1995).

**¶31** Here, in addressing Appellees' post-trial fee application, the superior court also found that even if the payment issue did not prevent an award, only $10,000 "of work performed by Mr. Thieme could be consider[ed] reasonable attorney's fees" and that, of that amount, only $2,500 in fees were "incurred in pursuing the claims for the validity" of the SWA. *See Schweiger v. China Doll Rest., Inc.*, 138 Ariz. 183, 188-89 (App. 1983). Contrary to Appellees' contention, neither *China Doll* nor any other case requires that the court issue specific findings in support of its reasonableness determinations. *See Hawk v. PC Village Ass'n, Inc.*, 233 Ariz. 94, 100, ¶ 21 (App. 2013) ("In exercising its discretion to award fees, the court . . . need not make findings on the record"); *cf. Warner*, 143 Ariz. at 571

(encouraging courts to make findings supporting a denial of fees even though the statute does not require it). In any event, Appellees cite no evidence to refute the court's findings here that both sides engaged in unreasonable conduct during the litigation and that Michael Thieme "spent the majority of his time addressing issues which were superfluous and upon which [Appellees] did not prevail."

¶32 We will not disturb the superior court's findings, but will modify the judgment to increase the fee award in favor of Appellees by $2,500 to account for the court's finding as to the reasonableness of fees that Michael Thieme billed.

### 3. The superior court's decisions on fees arising from the motion to compel and the motion for new trial.

¶33 Appellees finally contend the court erred in not awarding fees in connection with their successful motion to compel and in their defense of Appellants' motion for new trial. After Appellees prevailed on their motion to compel, the court ordered them to submit a fee affidavit. After reviewing the affidavit, the court denied fees, stating it would not award fees for work performed by Michael Thieme "absent proof of actual payments to the firm for legal expenses and costs." The court applied the same reasoning in denying Appellees' request for fees incurred by Michael Thieme on the motion for new trial.

¶34 Given O'Leary's averment that his law firm's clients had agreed to pay the fees or had already paid them, Appellees submitted sufficient proof of an obligation to pay the firm for Michael Thieme's fees. *See Moedt*, 204 Ariz. at 103, ¶ 11. Accordingly, we vacate the superior court's orders denying fees to Appellees on the motion to compel and on the motion for new trial and direct the court on remand to grant such fees as it determines were reasonable under the circumstances.

## C. Attorney's Fees and Taxable Costs on Appeal.

¶35 Both sides request their attorney's fees incurred on appeal pursuant to the SWA. Appellees also request fees pursuant to § 12-1103(B).

¶36 As noted above, the SWA provides for an award of reasonable fees to the prevailing party in any action to enforce its terms. As they did in the superior court, Appellees have prevailed in this appeal on Appellants' counterclaim seeking to invalidate the SWA. We thus will award them reasonable attorney's fees incurred with respect to that issue alone upon compliance with ARCAP 21. We exercise our discretion to deny

Appellees' other requests for fees, including their request pursuant to § 12-1103(B).  We award Appellees their costs on appeal.

## CONCLUSION

**¶37**        We modify the judgment to increase by $2,500 the fees award to Appellees and affirm the judgment as modified in all other respects, except that we vacate and remand for reconsideration of the superior court's rulings denying fees to Appellees following the motion to compel and the motion for new trial.



AMY M. WOOD • Clerk of the Court
FILED:  AA