429 P.2d 470

Allen H. RHODES and Mary Rhodes, his wife, Appellants,

v.

H. E. HIRSCH and R. S. Brecheisen, dba Cactus Lumber & Supply Company, Appellees.

No. 1 CA–CIV 399.

Court of Appeals of Arizona.

June 28, 1967.

Rehearing Denied July 27, 1967.

Review Denied Oct. 3, 1967.

584

Lewis, Roca, Scoville, Beauchamp & Linton, by John P. Frank and John L. Hay, Phoenix, Schimmel, Hill, Kleindienst & Bishop, by James B. Rolle, III, Phoenix, for appellants.

Hill, Savoy & Flickinger and Stanley Z. Goodfarb, by Stanley Z. Goodfarb, Phoenix, for appellees.

CAMERON, Chief Judge.

This is an appeal by the defendants below from a summary judgment granted in favor of the plaintiffs and from an order denying defendants' motion to vacate summary judgment.

The facts necessary for a determination of this matter on appeal are as follows. Defendant Allen H. Rhodes was the Registrar of Contractors of the State of Arizona from 13 April 1960 until 16 January 1965. In 1959 the prior Registrar of Contractors, pursuant to Arizona statute, issued a license to L. Dace Jackson and Dave L. Jackson, dba Jackson Cabinets, to engage in the business of contracting under classification C–60, Cabinet and Millwork. Bond in the amount of $500, the amount required by the Registrar of Contractors, was provided by Universal Surety Compa-

ny. On 26 January 1962 Universal Surety Company gave notice to the Registrar of Contractors of the cancellation of said bond. The Registrar of Contractors responded with the following letter to Universal Surety:

"Gentlemen:

"We have received your notice of cancellation of the above bond.

"This is to advise you that a search of our records has been made and we find no such bond. However, we have placed your notice of cancellation on file.

"Very truly yours,
/s/ Allen H. Rhodes/TT
Allen H. Rhodes
Registrar of Contractors"

It would appear that the letter was not signed by Allen H. Rhodes but by the writer of the letter whose initials are "TT". The question of this person's authority to sign is not raised. The file reflects that in 1962, 1963, 1964 and 1965 the Jacksons renewed their contractor's license. In the application signed by them the following language was contained in the printed portion: "I hereby certify that my commercial surety bond and/or cash deposit is in full force and effect and I have not bid or contracted during the past year without a valid license."

Prior to 12 February 1965 the plaintiffs, H. E. Hirsch and R. S. Brecheisen, dba Cactus Lumber and Supply, provided lumber, hardware, and other materials to Jackson Cabinets and on 12 February 1965, when L. Dace Jackson and Dave L. Jackson petitioned the United States District Court for the District of Arizona to be adjudicated bankrupt, there was owed to the plaintiffs the amount of $1,899.20.

Plaintiffs brought suit against Universal Surety Company on the bond, and when they found that the bond had been canceled in January of 1962, they joined the Registrar of Contractors, Rhodes, in an amended complaint for the failure of the Registrar of Contractors to cancel the contracting license of Jackson Cabinets when notice of

the cancellation of said bond was received from Universal Surety. It is the contention of the plaintiffs that they have been damaged in the amount of the bond by the failure of the Registrar to cancel the defendants' license in 1962 when the Registrar received the notice of the cancellation by Universal Surety.

■ After pleadings, admissions, and affidavits plaintiffs moved for summary judgment which was granted, and the judgment was signed and filed 13 January 1966 against Allen H. Rhodes and Mrs. Rhodes, his wife, personally, in the amount of $500 plus costs. Defendant Rhodes petitioned for rehearing on plaintiffs' motion for summary judgment. Defendant Rhodes then moved to vacate the summary judgment pursuant to Rule 60(c), Rules of Civil Procedure, 16 A.R.S., which was denied, and this appeal results. Plaintiffs objected to the sufficiency of the notice of appeal (which, though designating the appeal as from the judgment, indicated the date of the order for summary judgment.) Plaintiffs based their contention upon the case of Arizona Corporation Commission v. Pacific Motor Trucking Co., 83 Ariz. 135, 317 P.2d 562 (1957). After plaintiffs' brief was filed, our Supreme Court overruled Arizona Corporation Commission v. Pacific Motor Trucking Co., supra, in the case of Hanen v. Willis, 102 Ariz. 6, 423 P.2d 95 (1967) and the appeal is properly before this Court.

The duties and responsibilities of the Registrar of Contractors are imposed by statute in Arizona. A.R.S. § 32–1104 entitled "Powers and Duties" (of the Registrar of Contractors) reads:

"The registrar, in addition to other duties and rights provided for in this chapter, shall: * * *

"5. Employ such deputies, safety engineers and assistants, and procure such equipment and records as are necessary to enforce the provisions of this chapter.

"6. Make rules and regulations he deems necessary to effectually carry out the provisions and intent of this chapter. * * *"

A.R.S. § 32–1122 entitled "Examination of Applicants: Qualifications" (for license to be a contractor) reads:

"A. No contractor's license shall be issued under this chapter except by act of the registrar of contractors. * * *

"B. To obtain a license under this chapter, the applicant shall file the required fee and bond and meet the following requirements. * * *"

A.R.S. § 32–1152 entitled "Bonds" reads:

"A. Before granting an original contractor's license the registrar shall require of the applicant a surety bond in a form acceptable to the registrar or a cash deposit as provided in this section. Before granting a renewal contractor's license, the applicant shall file with the registrar satisfactory evidence that the applicant's surety bond or cash deposit is in full force and effect.

*    *    *    *    *    *

"E. Upon receipt by the registrar of notice to cancel a bond by any surety, the registrar shall immediately notify the contractor who is the principal on the bond of the effective date of cancellation of the bond and that the contractor must furnish a like bond or make a cash deposit within thirty days after mailing of the notice by the registrar or his license shall be suspended. * * * The contractor's license *shall* be suspended on the date the bond is canceled unless a replacement bond is on file with the registrar." (Emphasis added.)

■ We hold that the defendant Registrar of Contractors was personally liable for his failure to require a bond of a registered contractor. The liability is in the amount of the bond which was required from the contractor to have a valid license.

■ The requirement of a bond for a licensed contractor, as established by the statute and construed as the legislative intent, is for two purposes: (1) to exercise

control over the contractors and (2) to protect persons damaged by the failure of the contractor to perform or to pay for materials or labor. Employment Security Commission of Arizona v. Fish, 92 Ariz. 140, 375 P.2d 20 (1962). From the facts in this case the plaintiff had a proper cause of action against the surety for the amount of the bond in payment of materials which had been supplied to Jackson Cabinets. When it appeared that there was no bond as required by statute, the defendant Rhodes became liable for his negligence in not cancelling the license when the bond was canceled. The statutes cited above are very definite and precise in naming the Registrar of Contractors the person responsible for requiring the intitial filing of the bond before a license is issued and in seeing to it that the bond is continuous throughout the life of the license. We do not think that the certification by the contractor that a bond (or cash deposit) was in full force and effect was satisfactory evidence of the bond when the defendant had actual notice that the bond which was initially filed was canceled. Since the Registrar of Contractors did not perform his statutory duty and obligation, he is liable to plaintiffs for such failure.

The defendant contends that under the decision of Stone v. Arizona Highway Commission, 93 Ariz. 384, 381 P.2d 107 (1963), he is not liable since he is the head of a department and has many people working for him. The affidavit of the defendant Rhodes states in part:

"That based upon his experience as Registrar for several years it is affiant's knowledge and opinion that it is physically impossible for the Registrar to have direct immediate supervision of each employee in the office; that a subordinate employee was delegated to the task of supervising further subordinates; * * *;

"That the subordinate employee who actually received the letter of cancellation from Universal Surety Company, * * * was not under the direct immediate supervision of affiant, there being an intervening employee in the chain of responsibility in the office of the Registrar of Contractors during affiant's tenure * * *."

Defendant Rhodes contends that he, therefore, cannot be responsible for the negligence of the persons over whom he has no direct control. The plaintiff-appellee responds that the Stone v. Arizona Highway Commission case, supra, does not free the head of a department from liability by the fact that he has no direct supervisory control of all of the employees in his department. Our Supreme Court in *Stone*, supra, stated:

"* * * However not all of the officers or employees in the chain of command, from the State itself, on down to the personally negligent employee, are necessarily liable. Liability may attach only to those individual employees who actually were guilty of some tortious conduct or, as in this case, to those individual employees who were in sufficient control of the highway or the particular job as to be in fact responsible therefor. * * *" Stone v. Arizona Highway Commission, supra, 93 Ariz. 394, 381 P.2d at 113.

We agree with plaintiffs in their interpretation of *Stone*, supra. Admitting that defendant never received personal notice or knowledge of the cancellation of the bond and that the letter which was sent acknowledging the receipt of the cancellation was signed by one of his office employees, still the defendant Rhodes had sufficient control over his office to be liable under *Stone*, supra. even if not under the statutory requirements of his office.

But disregarding *Stone*, supra, the statute, A.R.S. § 32–1152, directs the Registrar to do the specific act, the omission of which he is being sued for. The statute directs that the license "shall be suspended" and this is to be done by the Registrar. This act of canceling is not discretionary but mandatory, and defendant Rhodes' statutory duty. Defendant

recognized this when the person signing the letter signed defendant Rhodes' name rather than her (or his) own. We do not infer that defendant Rhodes could not delegate this authority to sign his name, but in doing so he may not delegate the responsibility for failure to act as the statute requires.

Defendant also appeals from the order denying his motion to vacate judgment because of newly discovered evidence which consisted of the renewal applications signed by Jackson in which Jackson alleged that the bond had been filed. The defendant claims that this is "satisfactory evidence" that the bond is on file. A.R.S. § 32–1152, subsec. A. We agree with the trial court which found that the so-called new evidence, which were copies of letters which had been in the file from the previous years' applications, was always available to the parties and hardly "new evidence" under Rule 60(c) of the Rules of Civil Procedure, 16 A.R.S.

Judgment affirmed.

DONOFRIO and STEVENS, JJ., concur.