616 P.2d 944

CATALINA FOOTHILLS ESTATES, INC., an Arizona Corporation; Elizabeth Hyde Moore, a widow; and Catalina Foothills Association, Inc., an Arizona Nonprofit Corporation, Plaintiffs/Appellants,

v.

Dorothy B. SHULL, an unmarried woman, Defendant/Appellee.

No. 2 CA–CIV 3488.

Court of Appeals of Arizona, Division 2.

July 1, 1980.

Rehearing Denied July 22, 1980.

Review Denied Sept. 4, 1980.

DeConcini, McDonald, Brammer, Yetwin & Lacy, P. C. by Richard M. Yetwin, Tucson, for plaintiffs/appellants.

Slutes, Browning, Zlaket & Sakrison, P. C. by D. Thompson Slutes and A. John Pelander, Tucson, for defendant/appellee.

## OPINION

HATHAWAY, Chief Judge.

This appeal challenges the trial court's determination that certain conditions and restrictions imposed on the lots in a residential subdivision terminated in accordance with the terms of the original declaration establishing those conditions and restrictions. We believe the trial court properly interpreted the original declaration and affirm.

In June 1930, a "Declaration of Establishment of Conditions and Restrictions" (1930 restrictions) was recorded by Catalina Foothills Estates, Inc. (CFE). These restrictions applied to all the lots then owned by CFE as shown on a plat recorded at the same time.

Two clauses in the 1930 restrictions, the termination clause and the modification clause, are relevant to the issue before us. They state:

Termination clause:

"12. PROVIDED: That *the aforesaid conditions and restrictions* shall continue

and remain in full force and effect at all times as against the owner of any lot in said property, however his title thereto may be acquired, until January, 1980, on which date *the said conditions and restrictions* shall terminate and end and thereafter be of no further legal or equitable effect on said property or any owner thereof, . . ." (Emphasis added)

Modification clause:

"12. . . . PROVIDED, FURTHER: . . . The reversionary owner or its successor or assigns shall have the right, from time to time, to make any changes it desires in *these conditions and restrictions* which it deems beneficial to the owners of the majority of the lots in said subdivision." (Emphasis added)

Subsequent to the filing of the original plat and the 1930 restrictions, the modification clause was utilized by CFE to add to and expand upon the original conditions and restrictions. These actions are not at issue here. In December 1966, CFE changed the termination clause to provide that the conditions and restrictions would not expire in January 1980 but would automatically be extended for successive five–year periods. The change also provided that the holders of record title to 51% of the lots could release any property from the conditions and restrictions by acting at least one–year prior to January 1980 or one year prior to the expiration of any five year extension period. It is this change in the termination date that is at issue here.

Appellee became the owner of lot 81 of Catalina Foothills Estates in 1975. After purchasing the property, she started construction of a tennis court and ramada. Appellants brought suit claiming that the construction violated certain conditions and restrictions contained in the original declaration which applied to her property.

The restrictions allegedly violated were:

1. A fifty–foot setback from the property line for any building, structure, fence or wall.

2. Prior approval by CFE of plans for new construction or modifications or additions.

3. No removal of cacti or other native growth without prior approval.

4. No walls or fences greater in height than six feet.

In its findings of fact, the trial court found that the above restrictions did apply to appellee's property and that the construction violated them. In its conclusions of law, however, the court determined that the attempted 1966 change in the termination date was invalid and that the 1930 restrictions expired in January 1980. The court further concluded that it would be inequitable to require appellee to remove the construction and restore the vegetation because of the short period of time remaining after the date of its entry of judgment, September 27, 1979, and the date the restrictions would terminate.

Appellants argue that the modification clause of the 1930 restrictions is applicable to the termination clause as well as to the enumerated conditions and restrictions and that the 1966 change was therefore valid and the conditions and restrictions remain in effect until January 1985.

Both appellants and appellee argue that the 1930 restrictions are unambiguous. We agree, and there is therefore no need to seek any clarification outside the language of the document. *Duffy v. Sunburst Farms East Mutual Water & Agricultural Co.*, 124 Ariz. 413, 604 P.2d 1124 (1979).

Here the termination clause is clearly not a "condition or restriction." By its very terms it refers to "the aforesaid conditions and restrictions." Words in a restrictive covenant, which in toto is what the 1930 restrictions are, must be given their ordinary meaning. *Carter v. Conroy*, 25 Ariz.App. 434, 544 P.2d 258 (1976). The ordinary meaning of "aforesaid" is something previously mentioned; therefore, the "conditions and restrictions" referred to in the 1930 restrictions are those contained in the first eleven paragraphs. The twelfth paragraph, which is quite lengthy, contains, in addition to the termination and modification clauses, provisions dealing with breach,

remedies, utility easement, and laches. Nowhere in paragraph twelve are conditions or restrictions imposed on the use of grantees' land.

Appellants argue, quite correctly, that the wording of the modification clause permits the reversionary owner to make any changes he desires in the conditions and restrictions imposed on the land in question. However, as stated above, the termination clause is not a condition or restriction and therefore it is not subject to the modification clause. The attempted ex parte change in the termination clause in 1966 without the consent of the owners of the lots already conveyed was a nullity and of no force and effect. The enumerated conditions and restrictions in the 1930 restrictions expired by the terms of the original declaration in January 1980 and the construction in question is therefore not in violation of any restriction on the use of the land.

Affirmed.

HOWARD and RICHMOND, JJ., concur.