646 P.2d 312

CATALINA FOOTHILLS ASSOCIATION, INC., and Herbert Schmidt and Grace Schmidt, husband and wife, Plaintiffs/Appellants,

v.

Richard WHITE and Carolyn White, husband and wife, Defendants/Appellees.

No. 2 CA–CIV 4243.

Court of Appeals of Arizona, Division 2.

April 14, 1982.

Rehearing Denied May 20, 1982.

Review Denied June 15, 1982.

Jones, Dickerman, Nuckolls, Edwards & Smith, P. C. by Philip Hawley Smith, Tucson, for plaintiffs/appellants.

Robert Charles Clark, Tucson, for defendants/appellees.

## OPINION

BIRDSALL, Judge.

The only issue in this appeal concerns the allowance of attorney fees of $6,000 to the appellees White pursuant to A.R.S. § 12–341.01(A).[1] We affirm.

The plaintiffs-appellants, Catalina Foothills Association, Inc. (CFA) and Herbert and Grace Schmidt, husband and wife, commenced this action seeking to enforce deed restrictions claimed to apply to the appellees' property. The Schmidts were adjoin-

---

1. "In any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney's fees. This section shall in no manner be construed as altering, prohibiting or restricting present or future contracts or statutes that may provide for attorney's fees."

ing property owners. The appellees successfully contended that the former restrictions had terminated and therefore they were not prohibited from continuing the use they were making of their property.

The appellants make essentially three arguments:

1) That the action did not arise out of a contract between the parties,

2) That the appellees will not personally benefit from the award, and

3) That it is inequitable to require the association to pay the fees.

The real property owned by the appellees was once subject to deed restrictions which probably would have prevented the uses made by them. The deed establishing these restrictions, however, itself provided that they would terminate January, 1980. In 1966, CFA attempted to change the termination clause to provide that the conditions and restrictions would not so expire but would, instead, be automatically extended for successive 5-year periods. Nothing in the deed authorized such a change. *See Catalina Foothills Estates, Inc. v. Shull*, 126 Ariz. 484, 616 P.2d 944 (1980), which involved the same documents.

While recognizing our holding in *Shull*, the appellants nevertheless argued that a 1978 declaration signed by a majority of the landowners extended the termination date. The immediate grantors of both the appellants Schmidt and the appellees signed that declaration. The trial court ruled that that declaration was invalid because it was not authorized by the original deed. Therefore there were no valid restrictions and no resulting contract, express or implied, between the parties. The judgment in favor of the appellees is based on the absence of a valid contract.

■ The first contention is controlled by our decision in *Shirley v. Hartford Acc. & Indem. Co.*, 125 Ariz. 70, 607 P.2d 389 (App. 1979), wherein we said:

**2.** "The award of reasonable attorney's fees awarded pursuant to subsection A should be made to mitigate the burden of the expense of litigation to establish a just claim or a just

"... § 12–341.01 permits the award of fees in 'any contested action arising out of a contract,' whether or not the party commencing the action is found entitled to recover under the contract on which his claim is based. We think the statute is broad enough—bearing in mind its stated purpose 'to mitigate the burden of the expense of litigation to establish a just claim or a just defense'—to afford relief for a defendant where the plaintiff is not entitled to recover on the contract on which his action is based."

*See also Amphitheater Public Schools v. Eastman*, 117 Ariz. 559, 574 P.2d 47 (App. 1977).

■ The appellants next argue that the trial court should not have allowed attorney fees because an unnamed title company, which was liable on its policy to the appellees, will be the actual beneficiary. Shortly after the court awarded the fees, the appellants filed a post-judgment motion for rehearing in which they alleged they had just learned that the fees would actually inure to the benefit of a title company. They asserted that this evidence was ."newly discovered." They contend that the award will therefore not be for the purpose of mitigating the burden of the expense of litigation as set out in A.R.S. § 12–341.-01(B).[2] They contend that the court may use the statute only when the party to the litigation has the burden of paying the attorney fees. This novel contention is not persuasive. Such a rule would misdirect the benefit derived through the foresight of the cautious individual who procured insurance. It would also discriminate against the insurance company. Insurance companies also have litigation expenses. We do not hold that the trial court cannot properly consider such fact, i.e., that someone else may be obligated to bear the expense, but we find the weight to be accorded that fact to be wholly within the trial court's discretion. *See Earven v. Smith*, 127 Ariz. 354, 621 P.2d 41 (App.1980); *Autenreith v. Norville*, 127 Ariz. 442, 622 P.2d 1 (1980).

defense. It need not equal or relate to the attorney's fees actually paid or contracted, but such award may not exceed the amount paid or agreed to be paid."

■ We also observe that the trial court could have disregarded this evidence as not "newly discovered." Evidence that could have been discovered with reasonable diligence prior to trial is not entitled to be considered as "newly discovered." Rule 60(c)(2), Rules of Civil Procedure, 16 A.R.S.; *Rhodes v. Hirsch*, 5 Ariz.App. 583, 429 P.2d 470 (1967).

■ The appellants' final argument is that appellant CFA has only $8,000; is a voluntary organization serving a worthwhile purpose; and this liability is burdensome and inequitable. Again, while the trial court can no doubt consider these matters, we cannot substitute our judgment for that of the trial judge.

The judgment is affirmed.

HOWARD, C. J., and HATHAWAY, J., concur.