NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

NATIONAL EQUITY CONSULTANTS LLC, et al.,
*Plaintiffs/Appellees,*

*v.*

MWM FOREVER PLLC, et al.,
*Defendants/Appellants.*

No. 1 CA-CV 20-0267

FILED 1-12-2021

---

Appeal from the Superior Court in Maricopa County
No. CV2019-055666
The Honorable Gary L. Popham, Jr., Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

The Kozub Law Group, PLC, Phoenix
By Richard W. Hundley
*Counsel for Plaintiffs/Appellees*

Kelly McCoy, PLC, Phoenix
By Walid A. Zarifi
*Counsel for Defendants/Appellants*

---

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge D. Steven Williams and Judge David D. Weinzweig joined.

---

**T H U M M A**, Judge:

¶1　　　　Defendants MWM Forever, PLLC, and Victor Gojcaj appeal an order denying their motion to set aside a default judgment entered in favor of plaintiffs National Equity Consultants, LLC, and 8241 Pinnacle, LLC. Because defendants show no reversible error, the order is affirmed.

**FACTS AND PROCEDURAL HISTORY**

¶2　　　　8241 Pinnacle, LLC, owned a single-family house used as a vacation rental property. National Equity Consultants, LLC, leased personal property to Pinnacle for use in the house, including furniture, furnishings and household goods. In 2016, Pinnacle filed for Chapter 11 bankruptcy protection. After the plan of reorganization was confirmed in early 2018, Pinnacle fell behind on payments. MWM purchased the house at a trustee's sale later that year. The trustee's deed granting title to MWM was recorded in April 2019. That same day, defendants took possession of the house, including National's personal property, and did not provide plaintiffs access to recover their personal property.

¶3　　　　Plaintiffs filed this case in July 2019, alleging defendants wrongfully converted their personal property and that MWM failed to allow access to recover the property. *See* Ariz. Rev. Stat. (A.R.S.) §§ 12-1173, -1173.01 (2020).[1] Plaintiffs sought $30,000 as the "minimum value of the personal property," doubled pursuant to A.R.S. section 33-1367.

¶4　　　　When defendants failed to plead or otherwise timely defend, plaintiffs applied for entry of default. When defendants did not respond within 10 days, default was entered against them. Ariz. R. Civ. P. 55(a)(5). Plaintiffs then moved for entry of default judgment, Ariz. R. Civ. P. 55(b)(1), which the superior court entered after an evidentiary hearing. Nearly two months later, defendants moved to set aside the default judgment, but did

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

not challenge the entry of default. Although making a passing reference to Rule 60(b)(1), (2) and (3), defendants argued, "as relevant to this matter," a default judgment can be set aside based on "mistake or fraud [sic] representation or other misconduct of an opposing party." Defendants argued there was a "mistake or possible misrepresentation" regarding the value of the household furnishings. Defendants also argued plaintiffs "failed to follow the proper procedural rules [in Rule 55] with respect to obtaining the default judgment."[2]

¶5        After oral argument, the superior court denied defendant's motion. Citing *Daou v. Harris*, 139 Ariz. 353 (1984) and *Richas v. Superior Court of Arizona, Maricopa County*, 133 Ariz. 512 (1982), the court found defendants made no showing "that their failure to defend or appear and file a timely Answer was the result of excusable neglect." *See* Ariz. R. Civ. P. 60(b)(1). The court also found there was "no new evidence discovered after the Application for Entry of Default that warrants setting aside the Default Judgment." *See* Ariz. R. Civ. P. 60(b)(2). This court has jurisdiction over defendants' timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. sections 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

¶6        Defendants argue the court (1) abused its discretion in refusing to set aside the default judgment; and (2) erred by applying the wrong standard to set aside a default judgment under Rules 60(b)(2) and (b)(3). This court reviews the denial of a motion to set aside a default judgment for an abuse of discretion, *Blair v. Burgener*, 226 Ariz. 213, 216 ¶ 7 (App. 2010), and may affirm if the superior court was correct for any reason, *First Credit Union v. Courtney*, 233 Ariz. 105, 107 ¶ 7 (App. 2013); *State v. Perez*, 141 Ariz. 459, 464 (1984). The superior court may set aside a final default judgment on a party's motion for several enumerated reasons, including "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial," and "fraud . . . misrepresentation, or other misconduct of an opposing party." Ariz. R. Civ. P. 60(b)(2)-(3), (c), 55.

¶7        In their motion to set aside default judgment, defendants cited Rule 60(b)(1), (2) and (3). But defendants did not clearly develop arguments as to why the judgment should be set aside under each

---

[2] Plaintiffs later presented evidence that they complied with the procedural requirements; defendants did not rebut that evidence and that issue need not be addressed more here.

subsection of Rule 60(b). It cannot be genuinely disputed that the court properly analyzed defendants' motion under Rule 60(b)(1) under *Daou* and *Richas*. The court noted there was no new evidence that warranted setting aside the default judgment, as Rule 60(b)(2) might authorize. The minute entry does not reference Rule 60(b)(3) or mention the fraud, misrepresentation or other misconduct standard in that rule. Defendants, however, did not provide a transcript from the oral argument before the superior court, meaning the specific arguments defendants presented to the court at the hearing are unknown. That missing transcript is presumed to support the superior court's ruling. *See Myrick v. Maloney*, 235 Ariz. 491, 495 ¶ 11 (App. 2014). Moreover, defendants have failed to show the superior court improperly denied their motion to set aside default judgment to the extent that it relied on Rule 60(b)(2) or (b)(3).

## I. Defendants Have Not Shown The Default Judgment Should Have Been Set Aside Under Rule 60(b)(2).

**¶8** Default judgment may be set aside if there is "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial." Ariz. R. Civ. P. 60(b)(2); *Catalina Foothills Ass'n v. White*, 132 Ariz. 427, 429 (1982). The only evidence cited in defendants' motion was an alleged "mistake" or "misrepresentation." Defendants supported no argument that the default judgment should be set aside based on newly discovered evidence, pursuant to Rule 60(b)(2). Indeed, defendants raise the "newly discovered evidence" argument for the first time in their opening brief on appeal. Because defendants failed to raise this argument with the superior court, it is waived on appeal. *Cont'l Lighting & Contracting, Inc. v. Premier Grading & Util., LLC*, 227 Ariz. 382, 386 ¶ 12 (App. 2011); *Schurgin v. Amfac Elec. Distrib. Corp.*, 182 Ariz. 187, 190 (App. 1995). Even on the merits, defendants have presented no newly discovered evidence, as the superior court found. Accordingly, defendants have not shown the default judgment should have been set aside under Rule 60(b)(2).

## II. Defendants Have Not Shown the Default Judgment Should Have Been Set Aside Under Rule 60(b)(3).

**¶9** To obtain relief under Rule 60(b)(3), the moving party must show "(1) . . . a meritorious defense, (2) that he was prevented from fully presenting before judgment, (3) because of the adverse party's fraud, misrepresentation, or misconduct." *Est. of Page v. Litzenburg*, 177 Ariz. 84, 93 (App. 1993) (citation omitted). Defendants argue the damages awarded in the default judgment were based on a discrepancy in the value of the household furnishings. As support, defendants submitted a financial

statement filed in 2016 in Pinnacle's bankruptcy proceedings, indicating the value of National's property in the house was $4,000. By contrast, the July 2019 complaint here claims $30,000 is the "minimum value" of the personal property. Defendants argue this discrepancy is a "glaring mistake and misrepresentation" by plaintiffs. However, in an affidavit provided to the superior court, the individual who completed the 2016 statement stated the $4,000 was a typographical error and that the correct amount was $40,000. This statement of error, plaintiffs plausibly argued, is supported by the fact that there are too many items in the house for the value to reasonably be $4,000. Even if the discrepancy resulted from mistake or misrepresentation, defendants have presented no argument as to how such misrepresentation prevented them from fully presenting controverting evidence before entry of the default judgment, a showing required to grant relief. *Estate of Page*, 177 Ariz. at 93. Accordingly, defendants have not shown that the default judgment should have been set aside under Rule 60(b)(3).

**CONCLUSION**

¶10 The superior court's ruling denying defendants' motion to set aside entry of default judgment is affirmed. Defendants seek an award of attorney's fees and costs under A.R.S. §§ 12-341, 12-341.01 and 12-349 and Arizona Rule of Civil Appellate Procedure 21(a), while plaintiffs seek an award of fees under ARCAP 25 and A.R.S. § 12-349. For various reasons, including that they are not the successful parties, defendants' request for fees and costs is denied. In the court's discretion, plaintiffs' request for an award of attorneys' fees is denied, although plaintiffs are awarded their taxable costs contingent upon their compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:  AA