NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

EMILY E. THOMAS, *Petitioner/Appellee,*

*v.*

CHRISTOPHER M. THOMAS, *Respondent/Appellant.*

No. 1 CA-CV 25-0495 FC

FILED 03-24-2026

Appeal from the Superior Court in Maricopa County
No. FC2023-004698
The Honorable James N. Drake, Judge

**AFFIRMED**

COUNSEL

Berkshire Law Office, PLLC, Tempe
By Keith Berkshire, Alexandra Sandlin, Alicia Derr, Elizabeth Nanez
*Counsel for Petitioner/Appellee*

Bishop, Del Vecchio & Beeks Law Office, P.C., Phoenix
By Daniel P. Beeks
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Andrew M. Jacobs and Judge Brian Y. Furuya joined.

---

**M O R S E**, Judge:

¶1            Christopher Thomas ("Father") appeals the denial of his Arizona Rule of Family Law Procedure ("Rule") 85 motion for relief from judgment, his amended Rule 85 motion for relief for judgment, and the Decree of Dissolution.  We affirm.

**FACTS AND PROCEDURAL BACKGROUND**

¶2            Emily Thomas ("Mother") filed a petition to dissolve her marriage to Father.  The parties entered into a series of Rule 69 agreements addressing various aspects of the dissolution proceedings.  In the second Rule 69 agreement, the parties agreed that Father would receive the parties' marital residence as his separate property.  In relevant part, the agreement provided the following:

> Father shall assume as his sole and separate property the following:
>
> 1. The former family residence is located in Tempe, Arizona . . . .  The parties agree that they shall immediately pay off the remaining mortgage against the property, the HELOC debt, and the solar panels debt.  Further, Father shall be entitled to occupy the home effective January 1st, 2025.  The home shall be turned over to him in good condition, reasonable wear and tear excepted . . . .  Finally, Father shall be responsible for any costs associated with addressing a zoning and/or compliance issue with respect to the enclosed garage/carport.

The superior court adopted the second Rule 69 agreement on November 12, 2024.

¶3            Sometime after entering into the second Rule 69 agreement, Father discovered that the residence had zoning issues surrounding a patio in addition to the garage/carport zoning issues mentioned in the second Rule 69 agreement.  On April 3, 2025, Father filed a motion to continue the

case on the dismissal calendar, so that he could file a motion to set aside the second Rule 69 agreement. The superior court granted the motion to continue.

**¶4** Father then filed a Rule 85 motion for relief from judgment, arguing the superior court should grant relief from judgment based on newly discovered evidence. Before Mother could respond, the superior court denied Father's Rule 85 motion in a two-sentence order. The superior court explained "this seems like a risk Father took on when agreeing to [the second Rule 69 agreement]."

**¶5** Father filed an amended Rule 85 motion rearguing his newly-discovered-evidence claim and challenging the validity of the second Rule 69 agreement for lack of mutual assent. The superior court issued the Decree of Dissolution. The superior court then denied Father's amended Rule 85 motion without further comment in an order containing Rule 78(c) language. Father timely appeals, and we have jurisdiction under A.R.S. §§ 12-2101(A)(1) and -2102(A).

## DISCUSSION

**¶6** Father asserts the superior court erred in denying his Rule 85 motions. Father argues he is entitled to relief based on a lack of mutual assent to the second Rule 69 Agreement, *see* Ariz. R. Fam. L. P. 85(b)(6), newly discovered evidence, *see* Ariz. R. Fam. L. P. 85(b)(2), and the superior court's failure to hold required evidentiary hearings. We review the denial of a Rule 85 motion for relief from judgment for an abuse of discretion. *Clark v. Kreamer*, 243 Ariz. 272, 275, ¶ 10 (App. 2017). We will affirm the ruling of the superior court "if it is legally correct for any reason." *State v. Leyva*, 241 Ariz. 521, 524, ¶ 6 (App. 2017). "[T]rial judges are presumed to know the law and apply it in making their decisions." *Fuentes v. Fuentes*, 209 Ariz. 51, 58, ¶ 32 (App. 2004) (cleaned up). We review the validity of a contract de novo. *Armiros v. Rohr*, 243 Ariz. 600, 605, ¶ 16 (App. 2018). We review the denial of an evidentiary hearing for an abuse of discretion. *Gullett ex rel. Est. of Gullett v. Kindred Nursing Centers W., L.L.C.*, 241 Ariz. 532, 540, ¶ 26 (App. 2017).

## I.        Lack of Mutual Assent.

**¶7** Father argues the second Rule 69 agreement is invalid because the parties lacked mutual assent. A Rule 69 agreement is a contract between spouses and is governed by contract principles. *Meek v. Meek*, 256 Ariz. 405, 410, ¶ 22 (App. 2023). "The essential elements of a valid contract are an offer, acceptance, consideration, a sufficiently specific statement of

the parties' obligations, and mutual assent." *Muchesko v. Muchesko*, 191 Ariz. 265, 268 (App. 1997). A Rule 69 agreement is binding on the court if "it is submitted to and approved by the court as provided by law." Ariz. R. Fam. L. P. 69(b). For mutual assent to exist, "the parties must mutually consent to all material terms. A distinct intent common to both parties must exist without doubt or difference." *Hill-Shafer P'ship v. Chilson Fam. Tr.*, 165 Ariz. 469, 473 (1990). The parties to a contract are required to mutually assent to all material provisions in a contract. *See id.* at 473. "[M]utual assent is based on objective evidence, not on the hidden intent of the parties." *Id.* at 474.

**¶8**        Father does not challenge the mutual assent of the parties to the written provisions of the second Rule 69 agreement. His complaint appears to be that the parties should have also assented to additional provisions but did not. But Father's desire that the parties had included additional terms in their contract will not defeat the agreement the parties made. *Cf. Quijada v. Quijada*, 246 Ariz. 217, 221, ¶ 10 (App. 2019) (explaining the existence of other possible contract terms does not invalidate the parties' agreement). The second Rule 69 agreement is a valid contract, and Father is not entitled to relief based on a lack of mutual assent. *Cf. Daley v. Earven*, 131 Ariz. 182, 185 (App. 1981) (enforcing a contract when "the items enumerated by appellants as not contained in the document . . . are not essential or material, or are disposed of by operation of law . . . [and] appellants do not contend that any of these items were the subject of further negotiations").

## II.        Newly Discovered Evidence.

**¶9**        Nor has Father established that the superior court abused its discretion by concluding he assumed the risk of additional zoning issues. To prevail on his newly discovered evidence claim under Rule 85(b)(2), Father must demonstrate the newly discovered evidence he seeks to present could not have been discovered with "reasonable diligence." Ariz. R. Fam. L. P. 85(b)(2); *see also Catalina Foothills Ass'n, Inc. v. White*, 132 Ariz. 427, 429 (App. 1982) ("Evidence that could have been discovered with reasonable diligence prior to trial is not entitled to be considered as 'newly discovered.'" (quoting Ariz. R. Civ. P. 60(c)(2)[1])). Father argues that the patio zoning issue could not have been discovered through reasonable diligence. But his statements are conclusory. In his motion, Father did not allege or provide any argument to support his claims or explain why the

---

[1]        Arizona Rule of Civil Procedure 60 contains "substantially the same language" as Rule 85 and so we may look to cases interpreting the civil rule when interpreting the family law rule. Ariz. R. Fam. L. P. 1(c).

patio zoning issue could not have been discovered through reasonable diligence. Nor did he allege or argue that Mother knew of the issue, concealed it, or was in a better position to discover it. As a result, Father did not raise any disputed issues of fact requiring an evidentiary hearing. *See Duckstein v. Wolf*, 230 Ariz. 227, 235, ¶ 26 (App. 2012) (stating that an evidentiary hearing is required to resolve "contested issues of material fact"). Thus, the superior court did not abuse its discretion by concluding that Father assumed the additional zoning risks when he failed to inspect the residence prior to entering the second Rule 69 agreement and failed to warrant against them in the second Rule 69 agreement.

**¶10** On appeal, Father argues that he is entitled to relief from judgment based on mutual mistake. *See* Ariz. R. Fam. L. P. 85(b)(1). But Father never argued mutual mistake in superior court. His Rule 85 motions expressly limited his arguments to Rule 85(b)(2) and Rule 85(b)(6). As a result, Father has waived any challenge based on mutual mistake. *Logan B. v. Dep't of Child Safety*, 244 Ariz. 532, 536, ¶ 9 (App. 2018) ("Generally, failure to raise an argument in the [superior] court waives the issue on appeal.").

**¶11** Citing *Dansby v. Buck*, Father argues he could not have assumed the risk of additional zoning issues because they were unknown when he entered into the second Rule 69 agreement. 92 Ariz. 1, 11 (1962). But *Dansby* is distinguishable. Here, unlike in *Dansby*, Father is seeking relief from judgment based on newly discovered evidence. Thus, Father must meet the additional burdens imposed by Rule 85. He must show that not only were the additional zoning issues unknown to him, but that he could not have discovered them with "reasonable diligence." *See* Ariz. R. Fam. L. P. 85(b)(2). As discussed above, *supra* ¶ 9, Father has not done so. The record here is sufficient to support the superior court's conclusion. *See Flying Diamond Airpark, LLC v. Meienberg*, 215 Ariz. 44, 50, ¶ 27 (App. 2007) (suggesting the superior court does not abuse its discretion when its decision is based on substantial evidence). Father has failed to show the superior court abused its discretion by denying his Rule 85 motions.

### III. Lack of a Hearing.

**¶12** Father also argues the superior court erred by failing to hold a hearing about whether the second Rule 69 agreement was fair and equitable. A Rule 69 agreement entered by the parties need only be fair, not equitable. *Meek*, 256 Ariz. at 410, ¶ 21. Father agreed that the second Rule 69 agreement was fair when the parties entered the agreement and only challenged the fairness of the agreement in his Rule 85 motions. Because Father did not object to the second Rule 69 agreement when the parties

submitted it to the superior court, Father has waived this argument. *Logan B.*, 244 Ariz. at 536, ¶ 9. Even if Father did not waive the argument, Father had not, at that time, raised "plainly disputed facts on the question of the fairness of the agreement," which would have required a hearing to address. *Sharp v. Sharp*, 179 Ariz. 205, 210 (App. 1994). To the extent Father seeks review of the fairness of the second Rule 69 agreement via his Rule 85 motions, we do not address the issue because fairness, or lack thereof, is not a ground for relief under Rule 85.

¶13 Both parties have requested attorney fees. In our discretion, we deny both parties' requests for attorney fees. Mother is entitled to her costs as the prevailing party upon compliance with ARCAP 21.

## CONCLUSION

¶14 We affirm.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**: JR